GILLINWATERS, Plaintiff in Error, v. GILLINWATERS, Defendant in Error.

1. The conduct of a husband toward a wife may be such as to warrant her in leaving him, although it would not entitle her to a divorce; if her absence be caused by his misconduct, or if he place himself in such a situation as to prevent her return, he will not be entitled to a divorce, although she may have lived separate from him for a number of years.

*Error to Cass Circuit Court.*

*Bryant* and *Peyton*, for plaintiff in error.
*Chrisman & Comingo*, for defendant in error.

SCOTT, Judge, delivered the opinion of the court.

Nothing is seen in the circumstances of this case which should induce a court to separate the plaintiff and defendant as husband and wife. The ground on which the dissolution of the marriage is sought is the alleged absence or desertion of the wife. Although the wife has lived separate from her husband for a number of years, yet her absence may have been caused by his conduct. Having disposed of all of his property, without a house or home, being a mere boarder in another family, he can not complain that his wife has ab-

Gillinwaters v. Gillinwaters.

sented herself and will not return. Let him first provide a place to which she can return. The disposition of his property seems to have been made with a view to effect the very object he has attained and of which he now complains, and for which he would have a divorce. Although the wife may have acted improperly in leaving home when she did, yet that did not justify the husband in putting himself in a situation which prevented her return. The married state is not a state of war which will, for any the slightest fault by one party, justify the other in carrying measures to an extreme. Marriages are not made to be dissolved. Some of the most cherished interests of society are involved in the preservation of the marriage tie. It would be impossible to maintain the peace of families if every quarrel should lead to a divorce. Married parties must bear and forbear. For specific causes the married state may be destroyed, but he or she who is instrumental in producing the cause for a divorce can never avail himself or herself of it. If a wife voluntarily leave her husband and she is guilty of no wrong to him, and afterwards offers to return and he causelessly refuses to take her back, he will be liable for necessaries furnished her after such refusal. The conduct of a husband toward his wife may be such as would warrant her in leaving him, although it would not entitle her to a divorce. The plaintiff would excuse or palliate all his declarations on the ground of heat, passion or indiscretion, and yet has not the charity to attribute those of his wife to like causes. He would hold to the assertion she made that she would not return, and make that a pretext for disposing of his home so as to prevent her doing so. It is clear that the plaintiff was as anxious for a separation as the defendant, and the little arts he practiced in the hope of keeping the law on his side serve only to evince his real desire. The record does not show that he is an innocent and injured party, and therefore he can not be divorced.

Judgment affirmed; Judge Richardson concurs. Judge Napton absent.