GEORGE HOFFMAN, Respondent, *v.* BARBETTA HOFFMAN, Appellant.

1. *Divorce — Recrimination — Cross-petition.*— In this State the rule has been long established that, in reply to an application for divorce, the defendant may allege, either by way of recrimination or cross-petition, the commission by the plaintiff of any offense that, by the statute, is made a cause for divorce. The least that can be required is that parties should come into court with hands so far clean that the opposite party is not entitled to the same redress against them. If both parties have a right to a divorce, neither party has. The court must discriminate between them; must say which is the injured party, and which is entitled to relief.

2. *Divorce — Practice, Civil — Pleadings.*— In a suit for divorce grounded upon absence without reasonable cause for the space of one year, the gist of the action is the willful absence without cause, and the petition should set forth facts which should advise the court that defendant has kept away against the will of the petitioner.

*Appeal from St. Louis Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Garesche & Mead*, for appellant.

The court will review the evidence in a divorce suit, and reverse where the decree is not justified by the evidence. (Lewis v. Lewis, 5 Mo. 278 ; Nagel v. Nagel, 12 Mo. 55 ; Oliver v. Oliver, 20 Mo. 261.)

*Kreiter* and *Wingate*, for respondent.

Where, in a divorce suit, it appears in evidence that neither party has been injured, both the bill and cross-bill should be dismissed. (12 Mo. 53, 157.)

BLISS, Judge, delivered the opinion of the court.

The plaintiff filed his petition in the St. Louis Circuit Court for a divorce from his wife, the said Barbetta, making the allegations of residence, marriage, good behavior, and charging that the defendant, wholy unmindful of her duty as a dutiful and affectionate wife of the plaintiff, left and abandoned this plaintiff on or about the 11th day of April, 1860, without any good reason

for so doing, and has continued to live separate from him since that time. The defendant admits the leaving, denies the good conduct of the plaintiff, and says that his conduct was such to herself and her children that she was compelled to leave him. By way of cross-petition she charges upon him such indignities as rendered her life intolerable; specifies the character of these indignities, and alleges her own fidelity and good conduct, and prays for a divorce on her part.

The finding of the Circuit Court was " that neither plaintiff nor defendant is an injured party," and both bill and cross-bill were dismissed. The court, in general term, refused to set aside the judgment, and the case is brought here by appeal.

The doctrine of recrimination, with the right of one party to set up misconduct in the other in an action for divorce, is by no means well settled in England or in most of the States. The canon law is the foundation of the jurisprudence of Europe and the United States in the matter of divorce; and the Decretals of Gregory IX, as quoted by Bishop, § 393, establish the doctrine to the extent that a plaintiff who has committed adultery cannot have a divorce by reason of defendant's adultery. In France and Scotland the doctrine is repudiated, while in England it is adopted to the extent, at least, that an offense like the one charged in a prosecution may be successfully recriminated.

But in Missouri the more reasonable rule has been long established that, in reply to an application for divorce, the defendant may allege, either by way of recrimination or cross-petition, the commission by the plaintiff of any offense that by the statute is made a cause for divorce.

In Ryan v. Ryan, 9 Mo. 535, our Supreme Court held that, in a suit for divorce by the husband upon the ground of habitual drunkenness for more than two years, the wife might recriminate adultery on his part. In giving the opinion, Judge Napton reviews the whole subject, refers to various decisions in England and this country, and, though he does not attempt to lay down a universal rule, yet the decision is only consistent with the doctrine subsequently established.

In the case of Nagel v. Nagel, 12 Mo. 53, the court held that

when both parties are found guilty of any of the offenses enumerated in the statute as grounds for divorce, the bill should be dismissed, and a divorce refused to either party when one had been guilty of cruel and inhuman treatment, indignities, etc., and the other had been guilty of adultery. The decision was based upon the provisions of our statute in this respect which authorize such recrimination, although the phrase "guilty of adultery," near the close of § 7, chap. 114, Gen. Stat. 1865, would seem to imply that such authority existed only when adultery is charged. This phrase was very properly held to be inconsistent with the other provisions of the statute, and the section was harmonized with them by giving it the same construction it would receive were the words "of adultery" omitted.

On the 12th of March, 1849, the act concerning divorce and alimony was amended; and, among other amendments, the provision at the close of the first section, that the innocent and injured party may obtain a divorce, etc., was changed to read as it now stands : "The injured party, for any of the causes above enumerated, may obtain a 'divorce,'" etc. Why the word "innocent" was omitted is not clear, unless regarded as superfluous, or—more likely—to conform to section 3, where a divorce is provided for the defendant if the court shall find that he or she is "the injured party."

The statute should receive the same construction in this respect as before the change; at least no better character should be required of a party seeking a divorce, and we are not inclined to allow it to a person sustaining a worse one. The least that can be required, if we would make the provisions of the statute harmonize with the principles of the law in other respects, would be to compel parties to come into court with hands, so far clean, at least, that the opposite party is not entitled to the same redress from them. If both parties have a right to divorce, neither party has. The court must discriminate between them; must say which is the injured party, and which is entitled to relief. Neither the legal inference can be drawn as to both, nor the remedy applied to both. The petition undertakes to charge the defendant with absenting herself without a reasonable cause for the space of one

year, and uses the following language: "The defendant, wholly unmindful," etc., "left and·abandoned this plaintiff, on or about the 11th day of April, 1860, without any good reason for so doing, and has continued to live separate from him since that time." Were it necessary, under the facts, to decide that point, this allegation must be held insufficient to bring the plaintiff within the statute. The abandonment is clearly stated, but whether the subsequent absence is voluntary does not appear. The gist of the action is the willful absence or the " absenting herself " without cause, and the petition should "state the facts constituting the cause of action" — facts that should advise the court not only that she left voluntarily, but that she has kept away against the will of the petitioner — as well as the other facts necessary to bring him within the statute. (Freeland v. Freeland, 19 Mo. 354.) But if the petition were good under the evidence, the plaintiff has signally failed to sustain his charge. Not only did the defendant have cause to leave him, but I cannot see how she could have done otherwise. It is proved that he had been in the habit for years of abusing her in the most outrageous manner; an occasional heavy beating would have been mercy in comparison. His frequent epithets were of the foulest character, too foul to be written; charging her with infidelity; saying at childbirth that the child was not his, that he would be a step-father to it — until she abandoned his bed and slept with the children. Spitting in her face and upon her plate at the table seems to have been one of his frequent amusements. She bore it all — not with christian meekness, but fighting her way along—still bore it, until a scene occurred in her chamber, in the presence of her daughter, unparalleled for disgusting indecency. Upon this she left the house, and has since supported herself and raised the children by her own labor. She did not leave "without a reasonable cause."

The answer, in the nature of a cross-petition, charges that the plaintiff offered the defendant such indignities as to render her condition intolerable, and for specifications sets forth the particulars above referred to. I have spoken of the evidence on her part; and on his part, in addition to the leaving him, he has

proved that she exhibited, while living with him, a bad temper; was often angry, and scolded so loud as to be heard by the neighbors; often called him "a dirty dog," and applied other epithets of a low character. The plaintiff testified that she threw a butcher-knife at him on one occasion, which she denied; and the daughter, who was present, testified that her mother "never threw a butcher-knife at him. She was paring potatoes, and he made her so mad that she threw the pan and everything on the floor. This was almost every day while we were there that he would thus irritate her." It is not unreasonable to suppose that, with her temper and his abuse, she did throw pan, knife, and all at him.

We do not propose to say imperatively what the decision of the Circuit Court should have been, but only to indicate the rule that should govern it in cases of this kind. We have before seen that in cross-petitions, or in petitions by one party, the court is bound to look into the conduct of both husband and wife; and if the party seeking a divorce has been guilty of conduct that would entitle the opposite party to one, he or she must fail, notwithstanding the evidence might otherwise be sufficient. This rule does not apply to conduct, however reprehensible, that would not entitle the other party to a divorce. His or her conduct must come within some of the cases enumerated in the statute. We are strongly of the impression, from the examination of the record, that the Circuit Court must have extended the rule too far; that, finding as it reasonably might that the defendant had been guilty of improper conduct, that she indulged in outbursts of temper, was a scold, etc., she was not considered "the injured party," although her conduct was not bad enough to entitle him to a divorce. If she had absented herself from him without reasonable cause for the space of one year, or if she offered such indignities to him as rendered his condition intolerable, then her conduct was a clear offset, so to speak, to his; she is not the "injured party," even though she made the case against him. But on the other hand, if she was driven from the house by his indignities, or if her outbursts of temper, her loud scoldings, and the epithets she applied to him, fell short of rendering his condi-

tion intolerable, or were the natural result, with her temper, of his conduct toward her — if she, for instance, called him "a dirty dog" because excited by his dirty behavior toward her — she is not prevented, on account of her own conduct, from obtaining a divorce, if she can make a case against him.

With these views the case is remanded for a new trial. The other judges concur.