WILLIAM DWYER, Respondent, *v.* MARY E. DWYER,
Appellant.

**February 10, 1885.**

1. DIVORCE — DESERTION — PRESUMPTIONS. — A separation caused by indig-
nities of the husband to the wife, and which he does not seek to termi-
nate by making reparation or otherwise, is presumed to have been, and,
to continue, with his consent.

2. —— A husband who is guilty of ill-treatment of his wife which causes her
to leave him, but which is not such as renders her condition "intolera-
ble," and who, though living at the same town, makes no reparation, is
not an "injured party" within the meaning of the divorce statute.

3. —— CROSS-BILL. — The wife in such a case can not maintain a cross-bill
against her husband for refusing to provide for her.

4. —— PER ROMBAUER, J.: — A husband or wife does not cease to be the
"injured party" by conduct which is not such as to entitle the other
party to a divorce.

APPEAL from the St. Louis Circuit Court, THAYER, J.
*Reversed and judgment.*

GARESCHÉ & HOBEIN, for the appellant : If the wife suf-
fered such indignities as to render her condition intolera-
ble she was justified in leaving him.   And this even if
they were not such indignities as would form a basis for
divorce, since causes may exist sufficient to justify the
wife in leaving her husband even though insufficient to
form the basis of an action for divorce. — *Gillinwaters*
v. *Gillinwaters*, 28 Mo. 61; *Lyster* v. *Lyster*, 111 Mass.
327; *Hardin* v. *Hardin*, 17 Ala. 253; *Cornish* v. *Cor-*
*nish*, 23 N. J. Eq. 208; *Schrock* v. *Schrock*, 4 Bush, 682;

*Pidge* v. *Pidge*, 3 Metc. (Mass.) 258. And there can be no desertion unless objection be made by the party deserted, and his or her consent may be inferred from conduct. — *Simpson* v. *Simpson*, 31 Mo. 24; *Cornish* v. *Cornish*, 23 N. J. Eq. 208; *Meldowney* v. *Meldowney*, 27 N. J. Eq. 328; *Moores* v. *Moores*, 10 N. J. Eq. 276; *Thorpe* v. *Thorpe*, 9 R. I. 56; *Benkert* v. *Benkert*, 32 Cal. 470; *Pidge* v. *Pidge*, 3 Metc. (Mass.) 258; *Powell* v. *Powell*, 29 Vt. 149. Where the husband's conduct has been such as to result in driving his wife out of the house, he himself is guilty of desertion. — 1 Bishop's Mar. & Div. (6th ed.), sect. 785; *Kinsey* v. *Kinsey*, 37 Ala. 395; *Schrock* v. *Shrock*, 4 Bush, 684; *Harding* v. *Harding*, 33 Md. 345; *Palmer* v. *Palmer*, 12 N. J. Eq. 91; *Pidge* v. *Pidge*, 3 Metc. (Mass.) 258.

W. F. DOYLE, for the respondent.

THOMPSON, J., delivered the opinion of the court.

The plaintiff brought this action for divorce on the ground of abandonment. The answer is a general denial, and also a count in the nature of a cross-bill averring that " for more than one year prior to the filing hereof, the plaintiff, without any reasonable cause, has deserted, and absented himself from defendant, and has utterly failed, neglected, and refused to provide for defendant's support, wherefore defendant prays to be divorced," etc.

The evidence shows that the parties intermarried on the 26th of August, 1873, and that they lived together as husband and wife a little over three months, until December 4, 1873, when the defendant left the plaintiff's house and has never since returned ; that four days after thus leaving she brought an action for divorce on the ground of ill-treatment, in which action the circuit court at special term rendered a judgment for the defendant (now plaintiff) ; that on appeal to the general term this judgment was reversed ; that on appeal from the general term to this court the judg-

ment of the general term was reversed and the judgment of the special term affirmed, the court here being of opinion that the evidence did not show that the defendant had offered such indignities to her as to render her condition intolerable within the meaning of the statute. 2 Mo. App. 17. The record proper in the former suit for divorce, including the opinion and mandate of this court, was put in evidence upon the trial of the present action.

It also appeared that, since the rendition of the judgment of this court in the former case, which was in the year 1876, the plaintiff and defendant have continued to live apart from each other and to hold no communication whatever with each other. The plaintiff, has made no effort or solicitation, either directly or through friends, to induce the defendant to return to his bed and board; nor has the defendant offered to return, or made the slightest attempt at reconciliation. The plaintiff, in his testimony, gives as his reason for not making any attempt at reconciliation, that the defendant had brought the former suit for divorce against him, and had made charges therein which were false; and the defendant gives no substantial reason for refusing to return to him, except the ill-treatment which induced her original departure.

1. It is perceived that the present action is grounded upon the allegation that the defendant has absented herself from the plaintiff without a reasonable cause for the space of one year, within the meaning of section 2174, Revised Statutes. It is urged on behalf of the plaintiff that the reasonable cause mentioned in this statute, which will justify a permanent separation of a wife from her husband, or husband from his wife, must be such a cause as would, under some other clause of the same section, constitute a ground of divorce. In *Gillinwaters* v. *Gillinwaters* (28 Mo. 61), it was said by Scott, J., in giving the opinion of the court: "The conduct of a husband towards his wife may be such as would warrant her in leaving him, al-

though it would not entitle her to a divorce." Although that may have been an *obiter dictum*, as the learned counsel for the plaintiff argues; yet we do not feel at liberty to hold that a distinct expression of doctrine which is found in an opinion of the supreme court is not the law, unless we find that it is distinctly overturned by what is held or said in a subsequent decision of the same court. In *Hoffman* v. *Hoffman* (43 Mo. 547), the case resembled somewhat the case now before us. The action was brought by the husband for divorce on the ground of absence, under the statute. The wife, in a cross-petition, set up cruelty as an excuse for the absence. The court, after discussing at some length the doctrine of recrimination, used this language: " The least that can be required, if we would make the provisions of the statute harmonize with the principles of the law in other respects, would be to compel the parties to come into court with hands so far clean, at least, that the opposite party is not entitled to the same redress from them. If both parties have a right to divorce, neither party has. The court must discriminate between them; must say which is the injured party, and which is entitled to relief. Neither the legal inference can be drawn as to both, nor the remedy applied to both." Further on, in the same opinion, this language is used: " In cross-petitions, or in petitions by one party, the court is bound to look into the conduct of both husband and wife; and if the party seeking a divorce has been guilty of conduct that would entitle the opposite party to one, he or she must fail, notwithstanding the evidence might otherwise be sufficient. This rule does not apply to conduct, however reprehensible, that would not entitle the other party to a divorce. His or her conduct must come within some of the cases enumerated in the statute." There may be a difficulty in reconciling the views expressed in these two cases, and we shall not attempt to do so, because the facts of this case disclose a ground which places it outside the doctrine of the latter

case, and which, in our opinion, renders it impossible to extend to the plaintiff the relief which he seeks. The judgment of the circuit court granting him a divorce, recites that he is an innocent and injured party. Since the act of March 12, 1849, it has not been necessary, in order to entitle the plaintiff to a divorce, that he should be found to be an innocent as well as an injured party, the word *innocent* having been omitted from the statute as then amended. What the legislature meant by omitting the word *innocent*, is a matter of conjecture. It may have been because it had been held, or supposed, that a spouse whose offence had been condoned, was not an innocent party. However this may be, it was said by the supreme court in *Hoffman* v. *Hoffman*, (43 Mo. 547, 549), that " the statute should receive the same construction in this respect as before the change ; at least no better character should be required of a party seeking a divorce, and we are not inclined to allow it to a person sustaining a worse one." It was in the present case, at least, necessary for the court to find and adjudge that the plaintiff was an injured party ; but in our opinion the record does not sustain this finding. It clearly appears from the record that, while he may not have offered such indignities to her as justified her departure and her continued absence from his abode, yet he did impose upon her such gross indignities as placed him very much in the wrong. It was a second marriage, and he had seven children living by a former wife. Soon after the marriage he displaced the defendant as mistress of his house and installed his daughter in her stead. So far as we can see, he did this without other justification than the claim that she was extravagant in the expenditure of money. This was in itself an indignity of a very gross nature, and of a character to inflict a succession of wounds upon the pride of the defendant from day to day so long as it should continue. Then it is clear of doubt that in his conversation with her, he used profane and abusive language, such as

must have greatly wounded the sensibilities of a newly wedded wife. For five weeks before their separation, he refused to speak to her. Passing by other charges made by the defendant which the conflicting testimony leaves in doubt, we are able to say that this course of treatment places him so far in the wrong that, while it did not in law justify her departure and continued absence from his dwelling, it did make it incumbent upon him, before asking a court of justice to annul the marriage on the ground of such departure and absence, to place himself *rectus in curiâ* by making in good faith some attempt at reconciliation. His reason *for not making such attempt, that she had brought the former action for divorce against him and had made charges against him therein which were false, though possessing some weight, is not fully borne out by the conclusions of this court upon the facts in its opinion in the former case, written by Judge BAKEWELL, which the plaintiff himself put in evidence in the present case. It is evident from the opinion of Judge BAKEWELL in that case, that the plaintiff (now defendant) was not regarded as having founded her action upon perjury; and though she may have over-stated the facts in her petition and in her testimony, there was clearly a foundation for much that she had alleged and sworn to. She exhibited a case which, while not justifying a permanent separation from him against his will, entitled her to much sympathy and may have excused a *temporary* separation. Then followed the former divorce suit; and it appears that, except at the trial of that action, they never met but once. They continued to live in the same town and to hold no communication with each other for seven years, during all which time he contributed nothing to her support. *Volenti non fit injuria.* A person can not be injured in a legal sense by a state of things which he has voluntarily produced and continued, and to which he freely consents. It is clear of all doubt on this record, that the defendant was induced to

leave the home of the plaintiff on account of ill-treatment by him, and that from that day to this he has done nothing in the way of reparation, nothing which indicates on his his part a willingness to have her return. On the contrary it sufficiently appears, that he is unwilling to have her return and resume the duties of a wife. She is therefore to be taken and deemed as remaining away from his home by his consent and desire, and this consent and this desire, are of themselves a reasonable cause for her continuing to remain away. *Simpson* v. *Simpson*, 31 Mo. 24.

2. The remaining question is, whether the defendant was entitled to a divorce upon her cross petition. It is clear that she was not. The only ground of divorce which she sets up is, that " for more than one year prior to the filing thereof the plaintiff, without any reasonable cause, has deserted and absented himself from defendant, and has utterly failed, neglected, and refused to provide for defendant's support." The defendant's evidence fails to sustain any of these allegations. She, and not he, left the family residence, and has ever since remained away from it. She left under grievous provocation, but it was conclusively adjudicated by this court in the former action that this provocation did not render her condition intolerable and was hence not a ground for divorce. It may, as already suggested, have excused a temporary withdrawal; but before she can turn it into a desertion on his part, — if she could do it at all, which we do not decide, — she must at least show that she has offered to return to him and has been repulsed. It is argued, on the authority of decisions in other states, that where a husband repels his wife from him by intolerable indignities, he, and not she, is guilty of desertion. Whether this is a correct view or not, we do not feel called upon to decide; but we are clear that, where the indignities are not of themselves a sufficient cause for divorce, it would be absurd to hold that the wife can, by remaining away in consequence of such indignities, create for herself

a cause for divorce, upon the theory that, by so electing to remain away from her husband, he incurs the guilt of deserting her. If the indignities themselves are not a sufficient cause for divorce, a new cause for divorce can not be extracted from them by the voluntary conduct of the party seeking the divorce. Her position in this respect is substantially the same as his; she remains away from him by her free will and accord, having the opportunity to return to him, or at least to make the attempt. Ordinarily the husband is not bound to follow the wife and live with her in what place soever she may choose to live; but he is the head of the family, and she is ordinarily bound to follow him and live with him; and where she voluntarily leaves him and remains away from him, he does not desert her because he does not choose to follow her and live with her. The defendant can not make a separation which is prolonged by her voluntary act, and which she has never made an effort to terminate, a ground of complaint against her husband; she is no more injured than he is by a state of things to which she voluntarily consents. Nor can she claim a divorce on the ground of his refusal to support her, because she does not attempt to show that she ever requested him to do so, or that he ever refused.

The case then lies in a small compass: These spouses have quarreled and separated. They remain absent from each other, and hold no communication with each other, by mutual consent. Both voluntarily agree to the separation; therefore neither can charge it as a wrong against the other, and neither can make it a ground for claiming a divorce.

The judgment of the circuit court is reversed; and the court here proceeding to give the judgment which the circuit court should have given, renders its judgment that the plaintiff take nothing by his petition, and that the defendant take nothing by her answer. It is so ordered. All the judges concur.

Separate opinion by Rombauer, J.

I concur in the result reached in the foregoing opinion, and believe the decree now rendered by this court is proper, and warranted by the record. In doing so, however, I desire to place myself strictly on the ground that the record warrants the conclusion that the separation of the wife from the husband continued with his consent. This brings the case within the rule of *Simpson* v. *Simpson*, (31 Mo. 24), which has never been denied.

The position taken in *Gillinwaters* v. *Gillinwaters* (28 Mo. 61), that "the conduct of a husband towards his wife may be such as would warrant her in leaving him, although it would not entitle her to a divorce, is unquestionably adapted to ensure that mutual forbearance between husband and wife which is best designed to foster domestic peace and happiness, and it is to be deplored that the court did not adhere to it. But I can not reconcile that position with the subsequent decision of *Hoffman* v. *Hoffman* (43 Mo. 547), where the same court, in substance, held that husband or wife do not cease to be the injured party, by conduct however reprehensible, unless it be such as entitles the other party to a divorce. I can not therefore assent to that part of the opinion of my associates which attempts to reconcile the two cases above cited.