JAMES KASTER, Respondent, v. JANE KASTER, Appellant.

St. Louis Court of Appeals, December 23, 1890.

Divorce: DESERTION. The wife is bound to follow the fortunes of her husband, and to live where he chooses. *Held*, accordingly, that a desertion was established by evidence that a wife had left her husband in order to keep house for a crippled son by a former marriage, who, in her opinion, needed her constant care and attention, and had taken all her household effects with her, and that, prior to her doing so, her husband had objected thereto and told her that he would consider her separation from him a ground for divorce. '

*Appeal from the Lewis County Circuit Court.*—HON. BEN. E. TURNER, Judge.

AFFIRMED.

*Anderson & Schofield*, for appellant.

(1) The separation was by consent. We submit that there is a most decided weight of testimony to this effect, and, therefore, the plaintiff was not entitled to recover. R. S. 1889, sec. 4507; *Simpson v. Simpson*, 31 Mo. 24; *Gillinwaters v. Gillinwaters*, 28 Mo. 60. (2) Conceding that plaintiff's conduct toward defendant was not such as to entitle her to a divorce, and that she may have acted improperly in leaving him when she did, yet the record beyond question discloses that

he was, to say the least, so far instrumental in bringing about the separation and continued absence which he presents as the sole ground of divorce, as to preclude his recovery. *Gillinwaters v. Gillinwaters*, 28 Mo. 60; *Dwyer v. Dwyer*, 16 Mo. App. 422; *Neff v. Neff*, 20 Mo. App. 182. (3) Plaintiff's own testimony shows that he desired that the separation should be permanent. This of itself will preclude his obtaining a divorce, even if otherwise he is wholly without fault. *Salorgne v. Salorgne*, 6 Mo. App. 602; *Gilmer v. Gilmer*, 37 Mo. App. 672; *Taylor v. Taylor*, 28 N. J. Eq. 207; *Thorp v. Thorp*, 9 R. I. 57.

*Blair & Marchand, George Ellison* and *J. E. Thompson*, for respondent.

When defendant left, she did it with the intent not to return. This is shown by her taking all her goods, clothing, etc., with her. This makes out the plaintiff's case. The intention to absent herself from, or to desert or abandon, plaintiff, formed before or at the time she left will be presumed to continue for the twelve months unless defendant has shown to the contrary, which she has not done. 1 Greenl. Ev. [14 Ed.] sec. 42, p. 59; *Rose v. Rose*, 50 Mich. 92; *Starkey v. Starkey*, 21 N. J. Eq. 135; *Orr v. Orr*, 8 Bush, 156; *Bailey v. Bailey*, 21 Gratt. 43; *Rie v. Rie*, 34 Ark. 37; *Stein v. Stein*, 5 Col. 55; *Blackburn v. State*, 23 Oh. St. 146; *Farr v. Payne,* 40 Vt. 615; *Leport v. Todd*, 32 N. J. L. 124.

ROMBAUER, P. J.—This is a suit for divorce on the ground, that the defendant wife absented herself from the plaintiff without reasonable cause for the period of one year. The answer is lengthy; it purports to set up cause for desertion, and concludes with the statement, that the defendant's absence was with the plaintiff's full concurrence and consent. The answer states neither an offer nor an intention to return. The trial court rendered a decree for the plaintiff.

We have examined the evidence very carefully, in order to determine whether the decree is supported by the weight of evidence. We find that the evidence fails to establish any conduct on part of the plaintiff toward the defendant, which, under the view taken either in *Gillinwaters v. Gillinwaters*, 28 Mo. 60, or in *Hoffman v. Hoffman*, 43 Mo. 547, or in *Dwyer v. Dwyer*, 16 Mo. App. 422, would show that the plaintiff was not the injured party, and that the only substantial controversy, under the evidence, is as to defendant's claim that her continued absence was with the plaintiff's concurrence or consent, so as to bring the case within the rule of *Simpson v. Simpson*, 31 Mo. 24.

On the question of consent, we find the facts established by the evidence to be as follows: The parties intermarried in 1883. The defendant had by her first marriage three boys, and among them one named Whitfield, who was a cripple and to whom she was very much attached. Whitfield was twelve years old at the date of the marriage, and came to live with his stepfather, with whom he resided as a member of his family until March, 1888. In the fall of 1887, Whitfield and one of his older brothers, with a view of bettering themselves, began to contemplate the farming of their mother's homeplace in Marion county, which was about fifty miles distant from plaintiff's home, there being no railroad communication between the two places, and the defendant, who believed that her crippled son needed her constant care and attention, contemplated going with them and keeping house for them. To this scheme, as far as the defendant was concerned, the plaintiff objected, and it was abandoned for the time being. In the spring of 1888 it was renewed, and the defendant left the plaintiff's house, accompanying her two sons, for the farm in Marion county against the plaintiff's remonstrance, and she has never since returned nor offered to return. The parties did not meet nor correspond since.

There is no pretense that when the defendant left she did so for a mere temporary purpose, because the evidence concedes that she took all her household effects with her. The plaintiff positively testifies that he objected to her departure, and that he told her he would consider her separation from him as a ground for divorce. His evidence is corroborated by other witnesses. The defendant's testimony is at best a mere qualified denial of the plaintiff's positive assertion, and whatever contradiction there may be on minor points between her testimony and that of the plaintiff, the circuit judge who had both parties before him, was far better qualified to solve than we are. The facts so found establish the ground of divorce as charged.

The wife is bound to follow the fortunes of her husband, and to live where he chooses to live, and in the style and manner which he may adopt. *Messenger v. Messenger*, 56 Mo. 329. However praiseworthy the devotion of the defendant to her unfortunate son may have been, the rights of her husband and her duties to him placed her under a paramount obligation, which she could not repudiate.

All the judges concurring, the decree is affirmed.