BRIDGET DESCHODT, Respondent, v. ALIDOR DESCHODT, Appellant.

St. Louis Court of Appeals, October 23, 1894.

1. **Divorce:** DESERTION. The wife is bound to follow the fortunes of her husband, and to live where he chooses to live and in the style and manner which he may adopt.

2. ——: ——. The permanent change of the domicile of the wife without the consent or knowledge of her husband, and without cause, is a desertion within the meaning of our divorce laws.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

REVERSED AND DECREE ENTERED FOR THE DEFENDANT.

*Geo. A. Castleman* for appellant.

No brief filed by respondent.

ROMBAUER, P. J.—The plaintiff and defendant claim respectively a divorce on the ground of desertion. Upon the trial such proceedings were had that the

Deschodt v. Deschodt.

court dismissed both the petition and cross bill. From this decree the defendant alone appeals.

The testimony adduced at the trial was mainly that of the opposing parties, and hence is conflicting in many respects. The corroborated testimony of the witnesses was very meager, and related mostly to minor matters. In such a case we must defer to the findings of the trial court, unless we are satisfied that the uncontradicted testimony of the appellant, corroborated by surrounding circumstances, entitles him to relief.

Touching the following facts there is no conflict in the evidence. The parties intermarried in 1886 in Dublin, Ireland. The defendant was at that time a cook at one of the clubs in that city at a salary of two pounds per month. He had saved from former earnings an amount of about one hundred and seventy pounds, and gave the greater portion of his savings before his marriage to the plaintiff's father to pay the arrearages of rent on a little farm. The plaintiff at the date of her marriage was fifteen years old, and, after marriage, continued to reside with her father in Dublin, the earnings of the defendant not permitting a separate household. A few months after the marriage the father of the plaintiff moved to the farm redeemed with the defendant's money, and the defendant furnished some additional money, part of his former savings, to stock the farm. The plaintiff accompanied her father and continued to reside with him on the farm, the defendant paying her occasional visits. Although all the evidence indicates that these visits were not frequent, there is no substantial evidence in the record that they were not as frequent as the plaintiff desired. There is no evidence in the record that the plaintiff, while with her father, suffered from the want of food or raiment.

The plaintiff gave birth to a female child in 1887. In 1889 she left Ireland and came with her brother to

the United States of America and to St. Louis, leaving
her daughter with her father.   It stands admitted that
this departure was without the defendant's knowledge
and consent; that it involved a permanent change of
domicile on the plaintiff's part; and that she never
advised with him about taking this step.   This step
taken by plaintiff was a desertion within the mean-
ing of our divorce laws, according to all the authori-
ties, and after the lapse of a period of one year would
have entitled the defendant to a divorce, unless he
himself had been guilty of such conduct as would.
have entitled the plaintiff to a divorce from him.
*Hoffman v. Hoffman*, 43 Mo. 547; *Kaster v. Kaster*, 43
Mo. App. 115; *Owen v. Owen*, 48 Mo. App. 208.   Of
the fact that he was guilty of such conduct, we find no
trace in the record, if we give a fair interpretation to
the testimony of both parties.

The only remaining inquiry is, was the plaintiff's
absence continued without defendant's consent for the
statutory period, and, if so, was there any subsequent
condonation?   On these points the testimony admits
of but one version.   The plaintiff admits that for more
than the statutory period she did not even notify
the defendant of her whereabouts.   The defendant tes-
tifies (and his testimony bears the mark of sincerity,
and is corroborated by his conduct) that, learning of
his wife's departure, he made fruitless inquiries touch-
ing.her residence, and that he did not learn where she
resided until the year 1892.   Upon receiving informa-
tion as to where his wife then was, he came; as soon as
his circumstances permitted, to St. Louis for the pur-
pose of resuming conjugal relations with her.   The testi-
mony is indefinite as to what passed between the
spouses when they met in St. Louis, owing to the fact
that the conversations between them were mostly in
the nature of confidential communications, and as such

were protected from disclosure. Sufficient, however, appears to show that the defendant was anxious to resume his martial relations with the plaintiff, and that he was willing to provide for her in a manner commensurate with his means, and that the plaintiff declined to reunite with him and follow his fortunes.

The case then stands thus: The defendant having made out a case of desertion in 1889, it was for the plaintiff to prove a condonation if any such existed, and to show that, when her husband met her in St. Louis in 1892, she offered to live with him in good faith. The wife is bound to follow the fortunes of her husband and to live where he chooses to live, and in the style and manner which he may adopt. *Messenger v. Messenger*, 56 Mo. 329. This is the unavoidable result of the fact that he is in contemplation of law the head of the family, and legally liable for its support. The evidence in the case not only fails to show any condonation, but makes out a case of additional desertion in 1892, which, of itself, would negative any condonation. *Guthrie v. Guthrie*, 26 Mo. App. 566.

Divorce is a legal right, and, where the facts entitling either party to it exist, the courts have no discretion to deny it. Finding, as we do, that the desertion claimed in defendant's cross bill is made out by the evidence, we must reverse so much of the decree as dismisses the cross bill, and enter a decree of divorce for the defendant in this court. It is so ordered. All the judges concur.