MARGARET L. KILPATRICK, Appellant, v. JOSEPH H. KILPATRICK, Respondent.

St. Louis Court of Appeals, April 18, 1899.

1. **Action for Divorce:** DESERTION OF HUSBAND: PRACTICE, TRIAL. In the case at bar the evidence of the good conduct of the wife came from several unimpeached witnesses; as his desertion was on account of his own dereliction she was necessarily the innocent and injured party. Held, that, upon the evidence, the trial judge had no right to conclude that she was not an innocent and injured party.

2. ———: ———: ———: PRACTICE, APPELLATE: DISSENTING OPINION BY JUDGE BIGGS. In reviewing divorce cases the appellate courts must defer to the judgment of the trial court. In the case at bar the evidence as written is so plain that something must have occurred at the trial—some action of the complainant, that led Judge Spencer to conclude that the separation was collusive.

*Appeal from the St. Louis City Circuit Court.*—HON. SELDEN P. SPENCER, Judge.

REVERSED AND DECREE OF DIVORCE GRANTED TO PLAINTIFF.

HICKMAN P. RODGERS for appellant.

This court has full power to review the evidence and make such decree as it may deem proper. Deschodt v. Deschodt, 59 Mo. App. 102. Divorce is a legal right and, where the facts entitling either party to it exist the courts have no discretion to deny it. Deschodt v Deschodt, Ibid. The desertion made out by appellant constitutes a *prima facie* case, "that is, intentional cessation from cohabitation for the statutory period without plaintiff's consent." Keaton v. Keaton, 74 Mo. App. 174-178. The only reasonable cause for desertion is one which would in itself furnish ground for divorce. 1 Bishop on Mar. and Div. (1881), sec. 799. This would be a matter for the defendant to allege and prove. Ibid, sec. 777. In the absence of conflict of testimony it is impossible for the trial court to have determined from the manner and appearance of appellant that "the leaving of the husband and his subsequent absence was both agreeable to the plaintiff and with her full consent." Nor is it material, if true, that the desertion was agreeable to the wife, since it was the husband's conduct that furnished the ground for divorce. Such conclusion could only have been reached by disregarding appellant's testimony, which this court will assume is true. Cohn v. City of Kansas, 108 Mo. 387-392; Efron v. Car Co., 59 Mo. App.

641 (near bottom of page 645).  "* * *  It must be remembered that in all cases the positive testimony of an otherwise unimpeached witness can only be disregarded when its improbability or inconsistency furnishes a reasonable ground for doing so, and this improbability or inconsistency must appear from the facts and circumstances disclosed by the evidence. It can not be arbitrarily disregarded by either court or jury, for reasons resting wholly in their own minds, and not based upon anything appearing on the trial." Bank v. Donald, 56 Minn. 491-493; Clark v. McGrath, 22 S. W. Rep. 527.

No brief filed for respondent.

BOND, J.—This action is for a divorce on the ground of unreasonable absence on the part of defendant for the space of one year. The defendant made default, the petition was dismissed, and plaintiff appealed.

On the trial the evidence showed that the parties intermarried on the ninth of April, 1890, and lived together as husband and wife until December 1, 1895, when the defendant abandoned the home because he was told by his wife that there was no food in the house and requested him to go out and get some which she would cook for their breakfast. The evidence shows that the husband did not thereafter return to his wife, nor make any provision for her support; that her conduct towards him was wifely and affectionate; that she is and was a woman of good conduct and behavior, and so esteemed in the circle of friends formed by herself and husband. At the time of the trial the abandonment of the husband had continued for about three years. As there is not a fact nor circumstance in the record proving that the desertion of the husband was the result of a voluntary agreement on the part of the wife, or tending in any wise to impair the full force of the evidence establishing the statutory ground of divorce relied upon, as

Kilpatrick v. Kilpatrick.

well as her good conduct and innocence, a decree for divorce should have been entered in the trial court. The evidence of the good conduct of the wife came from several unimpeached witnesses. It was certainly no fault of hers that the husband, whose duty it was to provide food for his family, failed to do so. As his desertion was on account of his own dereliction, she was necessarily the innocent and injured party, hence the trial judge had no right to conclude that she was not an innocent and injured party, and conceding that such was his personal opinion, as it was wholly unsupported by any evidentiary basis, it did not warrant him in refusing her the relief to which she was entitled by law under the evidence in this record. Ulrey v. Ulrey, No. 7500, unreported. His judgment dismissing the petition is therefore reversed and under the evidence in this record a decree of divorce in plaintiff's favor will be entered in this court. It is so ordered. Judge Bland concurs; Judge Biggs dissents.

PRACTICE, trial.

## DISSENTING OPINION BY JUDGE BIGGS.

In reviewing records like we have here appellate judges approach the subject at a disadvantage. Section 4508 of the statute provides, that where the proceedings for divorce are *ex parte* the court "shall be satisfied that the petitioner is an innocent and injured party." That is in a case of desertion the trial judge must be satisfied that the separation was not through the connivance, consent or approval of the party seeking the divorce. The statute means that the judge must be legally satisfied, that is satisfied from the evidence. If all the proof introduced by the complainant tends to establish the desertion and there is nothing in the conduct of the complainant on the witness stand tending to show collusion, then the judicial conclusion must be that the ground of divorce has been established. The difficulty in reviewing such a question

Kilpatrick v. Kilpatrick.

is that we do not have the complainant before us, and are therefore in a bad position to determine the question in its double aspect.    To illustrate:    The evidence in the case at bar as written shows the separation; that it was without collusion; that it had existed for the requisite length of time; and that the plaintiff treated her husband well.    These facts, except the last one, were established by the testimony of the plaintiff only.    The conclusion reached by the trial judge can not be reasonably accounted for except upon the hypothesis that he saw something in the conduct of plaintiff while on the witness stand that convinced him that the separation was with her approval, and if so there could be no desertion.    This may have been clearly indicated by the tone of her voice, or the toss of her head, or by some other gesture or action which could not possibly be gotten into the record.    In reviewing divorce cases the appellate courts must defer to the judgment of the trial court.    The present case calls for a practical application of this rule.    The evidence as written is so plain that something must have occurred at the trial, some action of the complainant, that led Judge Spencer to conclude that the separation was collusive.    Under the rule of practice above stated we would be justified and ought to assume this to be true, for it will be noted that the facts and circumstances attending the alleged desertion were proved only by the testimony of the plaintiff. If there had been corroborative testimony as to the attending facts of the alleged desertion as was the case in Ulrey v. Ulrey, not yet reported, and Deschodt v. Deschodt, 59 Mo. App. 102, I would concur in reversing the judgment upon the theory that the circuit judge had misconceived the legal import of the statutes.    As it is, I must, in deference to his judgment, dissent.