ALBIN MORGNER, Respondent, v. WILLIAM J. BIRKHEAD et al., Appellants.

*Justices' Courts—Appeals.*—Where the maker and endorser of a note are jointly sued, the former may take and file the appeal both for himself and his co-defendant.

*Appeal from St. Charles Circuit Court.*

*A. Krekel,* for respondent.

*Lewis & Alexander,* for appellants.

Morgner v. Birkhead et al.

BAY, Judge, delivered the opinion of the court.

This was an action, instituted before a justice of the peace of the county of St. Charles, against Birkhead, as maker, and Knowlton, as endorser and guarantor of a promissory note. Judgment being given against the defendants, they appealed to the Circuit Court. Upon the trial in the Circuit Court, the court, sitting as a jury, made several declarations of law, among which is the following :

" That the defendant appealing can only raise such questions as concern his own interest. Knowlton having failed to appeal, or being joined in the appeal, the judgment against him remains as rendered by the justice. Birkhead cannot raise a question which exclusively affects his co-defendant."

Notwithstanding this declaration of the court, which was equivalent to holding that the appeal did not enure to the benefit of Knowlton, and consequently that he had no right to appear and avail himself of any defence that he might have to the action, yet the court proceeded to give judgment against both Birkhead and Knowlton.

This was an error, for which the judgment must be reversed and the cause remanded. From an examination of the record, it appears that the affidavit, required by law in case of an appeal from a justice of the peace, was made by Birkhead ; but it recites the fact that the appellants were injured by the judgment of the justice. The recognizance, moreover, though not executed by Knowlton, recites the appeal as being taken by both defendants. Our statute does not make it imperative upon the applicant for an appeal to make the affidavit himself, or to sign the recognizance, but both may be made by another person for him. In this case they were made by Birkhead, not only for himself, but for his co-defendant, Knowlton. We have not deemed it necessary to pass upon the other questions presented by the record, for the case may assume a different aspect after Knowlton is permitted to appear and disclose his defence.

The other judges concurring, the judgment will be reversed and the cause remanded.