ROBERT L. CANNON, Respondent, *v.* ELLA W. CANNON, Appellant.

### April 13, 1885.

DIVORCE—GROUNDS OF—WHAT CONSTITUTES "INDIGNITIES" SUCH AS ARE CONTEMPLATED BY THE STATUTE.—Desertion not of the statutory character (as for less than one year) may be an element, along with other elements, to make up another statutory ground of divorce, as on account of cruelty and indignities. But one indignity is not sufficient, even if made up of several contemporaneous acts, if they form together one whole transaction, to constitute "such indignities to plaintiff as to render his condition intolerable."—*Kempf* v. *Kempf*, 34 Mo. 214; *Hooper* v. *Hooper*, 19 Mo. 355.

APPEAL from Clinton Circuit Court, HON. GEO. W. DUNN, Judge.

*Reversed and remanded.*

The facts appear sufficiently in the opinion of the court.

A. J. ALTHOUSE, for the appellant.

I. The petition does not allege that defendant absented herself without reasonable cause.—*Freeland* v. *Freeland*, 19 Mo. 354. Defendant was not absent one whole year. Her return is prevented by this hasty

proceeding.—Sect. 2174, Rev. Stat. Mo., 1879; *Giller-water* v. *Gillenwater*, 28 Mo. 60.

II. The statement of defendant, "that she intended to leave plaintiff, and not live with him again," is not an indignity.—*Hooper* v. *Hooper*, 19 Mo. 359. One or two acts of indignity are not sufficient.—*Kempf* v. *Kempf*, 34 Mo. 211. Taking her infant child with her is not an indignity, but an act of motherly love. The other allegations are circumstances of desertion, and not indignities that render his condition intolerable. There is no averment or evidence that defendant was ever unfaith-. ful. The presumption is that she had a reasonable cause for absenting herself, until the contrary is alleged and proved.—*Freeland* v. *Freeland*, 19 Mo. 354.

J. F. HARWOOD, for the respondent.

This suit was brought under that subdivision of sect. 2174, Revised Statutes, 1879, relating to divorce, which reads as follows: "Or shall offer such indignities to the other as shall render his or her condition intolerable." Webster defines "indignity" to be "unmerited, contemptuous treatment; any action towards another which manifests contempt for him." He defines "intolerable" to be "not capable of being borne or endured; not proper or right to be allowed." Both these conditions are alleged and shown to have been fulfilled in their most extreme sense and in the most outrageous manner. There are no cases parallel to it in the books.

II. Since the above was submitted he finds this holding: "Any unjustifiable conduct on the part of the husband, which so grievously wounds the mental feelings of the wife, or so utterly destroys her peace of mind as to seriously impair her bodily health, or endanger her life, or such as utterly destroys the legitimate ends and objects of matrimony, constitutes extreme cruelty, although no physical violence is inflicted or even threatened."—*Carpenter* v. *Carpenter*, 30 Kansas 71; *Avery* v. *Avery*, same court, January 7, 1885; Cent. L. J., March 6, 1885. We invoke the same principle in favor of the *husband* in this case.

Opinion by HALL, J.

This is a suit for divorce. The petition states in substance:

1st. That plaintiff and defendant were married January 1st, 1878.

2d. That they lived together as husband and wife until December 23d, 1881.

3d. That plaintiff faithfully demeaned himself, etc.

4th. That defendant, wholly disregarding her duties as the wife of plaintiff, has offered to plaintiff such indignities, and so disgraced him, as to render his condition intolerable in this, to wit: *that on or about the 23d day of December, 1881, defendant left his place of abode, which was a comfortable home in Cameron, county and state aforesaid,* and unknown to plaintiff, took away nearly all his bedding, all his money, tableware, and *also his infant child, aged two years, and named Charles Foster Cannon,* together with many other articles of property, and secretly and unknown to the plaintiff, abandoned him, and as he believes and is informed, has left the state of Missouri. *That before such date defendant had declared she would leave the plaintiff and never live with him again.*

This petition was filed with the clerk of the circuit court on the 21st day of January, 1882. To this petition the defendant demurred for the reasons:

"That one year had not elapsed from the date of said desertion of defendant until the institution of this suit; and that the petition does not contain allegations sufficient to constitute a cause of action."

This demurrer was overruled. The defendant stood upon her demurrer. The court heard evidence in support of the allegations of the petition, and found for plaintiff, decreeing him a divorce from defendant. The defendant has brought the case here by appeal.

The single question presented by the record is the sufficiency of the petition. The plaintiff, in his brief, states that the petition is founded upon that subdivision

of sect. 2174, Revised Statutes, which reads as follows: "Or shall offer such indignities to the other as shall render his or her condition intolerable;" and plaintiff admits that unless the petition states a good cause of action, within the meaning of the above quoted subdivision, the demurrer should have been sustained. The petition, as plaintiff admits, clearly fails to state a cause of action for desertion, since it fails to aver that defendant absented herself without reasonable cause, and since it shows that defendant had absented herself from plaintiff's house for much less than one year prior to the institution of this suit.—*Freeland* v. *Freeland*, 19 Mo. 354; sect. 2174, Revised Statutes. But the plaintiff contends that the petition alleges that defendant's desertion or abandonment was of such a character, and was accompanied by such other acts on the part of the defendant as to constitute "such indignities" to the plaintiff "as to render his condition intolerable." Since desertion has been made a particular ground of divorce by our statutes, desertion alone, by itself, can not constitute or be a ground of divorce, except when it is of the kind, in all respects, provided by the statute. It does not follow, however, that desertion, not of the statutory character, can not be an element going along with other elements to make another statutory ground of divorce.

Thus, one ground of divorce in this state at one time was "habitual drunkenness" for the space of two years, and yet, in the case of *Kempf* v. *Kempf* (34 Mo. 214), it was held that "*occasional* drunkenness (especially of the woman) may form parts of the indignities to the other party, which might render his condition intolerable." But in this same case it is further decided, "it can not be held that one act of drunkenness, accompanied by the other indecency stated (which resulted probably from drunkenness) makes out a case such as was intended by the law." So desertion, insufficient alone to constitute a ground of divorce, may as one element go to make with other elements a ground of divorce on account of cruelty

and indignities. But it is difficult to see how any acts committed by the defendant in deserting the plaintiff, which, as alleged by the petition, formed together one whole transaction, could constitute or make such indignities as are contemplated by the statute. One indignity is insufficient.—*Kempf* v. *Kempf*, *supra*. How, in this case, can the desertion, the taking of the child, and the taking of the personal property, as alleged in the petition, be separated from each other so as to form separate and distinct acts. Do they not necessarily together form one whole, entire act? And being one whole, entire act, whatever may be its character, is it not insufficient to constitute "such indignities" to plaintiff as to "render his condition intolerable?" We are inclined to so hold, but it is unnecessary to so decide in this case; for in our opinion, the petition alleges nothing that can constitute a ground of divorce. The desertion is confessedly insufficient. The taking of the child by the defendant can not be seriously urged as an indignity to the plaintiff. The taking of the personal property, described in the petition, by the defendant, however wrongful it may have been, can not be held to be an indignity to plaintiff. The alleged declaration, on the part of the defendant, that she would leave plaintiff and would never live with him again, was not an indignity to him.—*Hooper* v. *Hooper*, 19 Mo. 355.

The judgment of the circuit court is reversed and the cause remanded. All concur.