MARGARET A. McCARTIN, Respondent, v. WILLIAM J. McCARTIN, Appellant.

St. Louis Court of Appeals, November 5, 1889.

1.  **Divorce, Ground for.** Acts of cruelty need not be sufficient to endanger life in order to be ground for divorce as indignities rendering the plaintiff's condition intolerable.

2.  **Divorce: ALIMONY.** When awarded in gross and for the support solely of the wife, alimony should not ordinarily exceed one-half of the entire estate of the husband.

McCartin v. McCartin.

*Appeal from the St. Louis City Circuit Court.*—Hon. Jas. E. Withrow, Judge.

REVERSED (*nisi*).

*Rowe & Morris,* for the appellant.

*Valle Reyburn,* for the respondent.

ROMBAUER, P. J., delivered the opinion of the court.

This is a suit for divorce, by the wife against the husband. The grounds alleged are such cruelties as to endanger her life, and such indignities as to render her condition intolerable, and the answer is a general denial. The trial court made a decree in favor of the plaintiff, granting to her the divorce prayed for, restoring her maiden name to her, and awarding to her as alimony in gross the sum of fifteen hundred dollars. The defendant, appealing, assigns for error that the decree of divorce was unwarranted by the evidence, and that the alimony awarded is excessive.

The wife's evidence disclosed the facts that she was married to defendant in the year 1872, and lived with him until June, 1888; that the defendant, at periodical intervals from the date of their marriage until their final separation, was guilty of personal abuse of her in word and act, mostly when they were alone, but occasionally in the presence of others; that he struck her frequently, flung missiles at her, and on two occasions threatened her by flourishing deadly weapons. The testimony of the wife on these subjects was wholly contradicted by the husband, but was as to isolated instances corroborated by the testimony of other witnesses.

We are aware that the testimony in this class of cases has to be carefully analyzed, as it is almost uniformly colored by sentiment or prejudice, but we are

satisfied upon a careful examination of the record that the court was warranted to conclude that the testimony of the wife was in the main correct, and, so concluding, was justified to grant her a divorce on the second ground stated in her petition. Acts of cruelty may not be sufficiently grave to endanger life, and yet may amount to such indignities as render the plaintiff's condition intolerable. *Dawson v. Dawson*, 23 Mo. App. 174; *Cannon v. Cannon*, 17 Mo. App. 393. This leads us to conclude that there was no error in the trial of the main issue.

The plaintiff at the date of the trial was thirty-seven years of age, and of average health. She herself testified that during the period of her coverture the medical attendance upon her did not exceed one hundred dollars in value. The age of the defendant does not appear. It does appear that he was a merchant tailor and in former years had fair success in his business, but whether such success continued during the last five years does not appear. The testimony as to his earnings or earning capacity for some time preceding the trial is of the vaguest character. He owned some real estate in the city, the unencumbered title to which was probably worth twenty-six hundred dollars, and which he sold for eighteen hundred dollars after the institution of the suit, subject to his wife's dower claim. His business as a tailor he sold, immediately preceding the trial, for four hundred dollars. The circumstances under which these sales were made were such as to give rise to the inference that they were made for the purpose of hindering or defeating his wife's claims for alimony about to accrue. Outside of these facts there was evidence that the defendant had boasted of winning considerable money by wagers on the last national election, and that several years anterior to the trial he had a bank deposit of two thousand dollars, which he kept in his wife's name to prevent its seizure by

creditors. On the other hand, there was no evidence touching the necessities of the wife or her earning capacity, but it did appear that she spent several months, after separating from her husband, in eastern cities, visiting relatives and friends. No children born of the marriage are living, and no other parties are dependent on either the husband or wife for support.

There is no standard by which the amount to be awarded as alimony in gross is to be determined, each case being dependent on its peculiar facts. We may safely say, however, that where such award is made for the support of the wife alone, it should not ordinarily exceed one-half of the entire value of the husband's estate. It is the interest of the state to secure the stability of marriages, and excessive awards of alimony are apt to encourage suits for divorce. They are moreover apt to defeat the very object of the allowance, inducing the defendant, who considers himself oppressed by the action of the court, to evade the payment by placing his property beyond the reach of execution.

These considerations lead us to conclude that the allowance in this case was excessive. The husband's evidence shows him possessed of property of the value of twenty-two hundred and twenty dollars, and it does not appear whether he has other debts beyond his obligation to support his divorced wife. Any material increase in this valuation rests on bare inference, or a character far from conclusive.

The decree of the lower court, in regard to alimony, will be reversed and the case remanded for further hearing on that subject, unless the plaintiff, within ten days, will remit of the award the sum of five hundred dollars, and, in case of such *remittitur* being entered, the decree will, in all respects, be affirmed. All the judges concur.