## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

## OCTOBER TERM, 1901.

---

*( Continued from Volume 90.)*

## LIZZIE B. McCANN v. DANIEL M. McCANN.

### St. Louis Court of Appeals, November 19, 1901.

1. **Practice, Appellate:** DIVORCE. Appellate courts in Missouri are authorized to review issues of fact in suits for divorce as in suits in equity.

2. **Divorce:** INDIGNITIES. What acts amount to statutory "indignities" depend on the facts of each case. The court reviews the evidence and holds that plaintiff in this case is entitled to a divorce on the ground of indignities.

3. ————: ————. Facts constituting indignities may be made the basis of a decree of divorce, even although they might also warrant graver charges under the divorce law.

Appeal from St. Louis City Circuit Court.—*Hon. Selden P. Spencer,* Judge.

REVERSED AND REMANDED.

Vol ·91 app—1 (1)

McCann v. McCann.

*Chas. P. Johnson, Virgil Rule* and *Bland & Cave* for appellant.

(1)   "The courts should construe the clause of the statute concerning indignities (as a ground of divorce) liberally." Dawson v. Dawson, 23 Mo. App. 169.   (2)   Though the statute provides that habitual drunkenness shall be a ground of divorce, yet even occasional drunkenness—and certainly habitual—may form a part of the indignities which render one's condition intolerable, and the same is true of adultery. Connor v. Connor, 17 Mo. App. 390; Kempf v. Kempf, 34 Mo. 214; Wheeler v. Wheeler, 63 Mo. App. 298.   (3)   "Association and adultery with vile and disreputable women is such an indignity as will support a bill for divorce." Wheeler v. Wheeler, 63 Mo. App. 298.   (4)   Charges of infidelity, wrongfully made against a wife by a husband, constitute such indignities as to make her condition intolerable.   Lewis v. Lewis, 5 Mo. 278; Clinton v. Clinton, 60 Mo. App. 296; Griesedieck v. Griesedieck, 56 Mo. App. 94.   Neglect by a husband of his wife may be more severe and cruel than physical blows.   Goodman v. Goodman, 80 Mo. App. 274. "Finding persons in such a situation as presumes guilt generally, courts will presume guilt in all cases attended with those circumstances."   Jennings v. Jennings, 85 Mo. App. 294, and cases cited.   (5)   The evidence shows defendant to have been an habitual drunkard.   The petition charges the indignity of drinking to excess continuously ever since the marriage.   Ishler v. Ishler, 81 Mo. App. 567.

No brief for respondent.

BARCLAY, J.—This is an appeal by plaintiff from a decree dismissing her petition for divorce.

In the circuit court a cross-bill was interposed by defend-

ant; but the court dismissed it along with the plaintiff's petition.

The plaintiff filed a motion for new trial, which was overruled; and, after the necessary formalities, the cause was brought here for review.

The plaintiff complains of a course of improper conduct on the part of her husband, manifested in a number of distinct facts, which she alleges are indignities rendering her condition intolerable—one of the statutory grounds for divorce in Missouri (R. S. 1899, sec. 2921). Her testimony is that defendant drank to excess, at least two or three times a week, sometimes daily, often every other day, and that this line of behavior continued for more than four or five years before this suit. It was also shown on her behalf that defendant frequently visited resorts of ill fame, and did other acts of like nature, calculated to cause her humiliation as a wife. We have no intention to record in this opinion the facts at large. It would serve no good purpose. The case does not appear to call for it. We have fully considered all the testimony, and are at a loss to discover on what theory the court refused a divorce to plaintiff.

Defendant was brought before the court at the instance of the learned trial judge, and his testimony admitted the most material facts stated by plaintiff, excusing them chiefly on the ground of his intoxication. With manly candor, however, defendant said that the plaintiff had been a good wife to him, had demeaned herself properly and performed her duties.

What acts constitute statutory "indignities" depends greatly on the facts of each case. The Supreme Court has declared that the "Legislature chose to leave the subject at large; and, by the general words employed evidently designed to leave each case to be determined according to its own peculiar circumstances." Hooper v. Hooper, 19 Mo. 357.

We regard the acts shown here by the testimony as such indignities. That conclusion involves the decision of issues

of fact; but appellate courts are authorized in Missouri to review the facts in suits for divorce, as in suits in equity. We deem it unnecessary to discuss further the bearings of the facts in evidence.

There is but one more phase of the suit which involves any question of law.

If a person has been guilty of several acts of misconduct which would warrant a divorce in favor of his spouse on the ground of adultery or of habitual drunkenness, and the facts constituting such ground have been brought home to the knowledge of the innocent party, those facts need not necessarily be set up as ground for divorce in those statutory words. If the acts are numerous, and of a sort to render the condition of the spouse intolerable, they may be charged as indignities, as well as in the more usual forms of complaint.

Without further comment on the testimony, it will be sufficient to declare that in our opinion the plaintiff made out a case for a divorce, and that the learned trial judge was in error in dismissing the petition. The judgment is reversed, and the cause remanded with directions to enter a decree of divorce in favor of plaintiff. *Bland, P. J.,* and *Goode, J.,* concur.