230 S.W.2d 149 (1950)
CHAPMAN
v.
CHAPMAN.
No. 27891.
St. Louis Court of Appeals. Missouri.
May 16, 1950.
Chester A. Groves, Quincy, Ill., Hilbert & Veatch, Monticello, for appellant.
J. Andy Zenge, Jr., Canton, William O. Russell, Joplin, for respondent.
HUGHES, Judge.
On December 29, 1948, Maudie M. Chapman, respondent herein, filed a suit for divorce in the circuit court of Lewis County, Missouri, against Charles E. Chapman, appellant herein. In her petition in that cause, respondent charged appellant with indignities. On March 17, 1949, that cause was heard by said court, and the respondent introduced evidence to substantiate her charges of indignities. Appellant introduced evidence which tended to prove that respondent was not an innocent and injured party and that appellant was not guilty of the acts alleged. On April 18, 1949, the court found against the respondent and dismissed her petition. Respondent then filed a motion for a new trial which was overruled on May 6, 1949.
On May 16, 1949, respondent filed this action for divorce against appellant in the same court, and it is from the finding of the court on the trial of this action that this appeal is made. Respondent's amended petition alleges the marriage, separation, and that the plaintiff is an innocent and injured party. It states that a divorce was denied plaintiff in the same court on April 18, 1949, and then alleges indignities on the part of defendant and states that all of the things complained of occurred after the court overruled respondent's motion for a new trial in the former action on May 6, 1949. The prayer is for a decree of divorce, custody of a child born of the marriage and alimony and support money.
Plaintiff's testimony in substance was as follows: She and appellant were married on the 1st day of March, 1939, in Chicago, Illinois. In 1946 they moved to a farm seven miles southwest of Canton, Missouri. On the 6th day of May, 1949, in the afternoon, *150 she went to the farm in company with William Horn, a deputy sheriff and town marshal; she went to the front door where she met "the lady of the house," who informed her that appellant was at work on the farm; she told the housekeeper to tell him she was there, and then went upstairs to get some clothing she needed; when she came down the stairs appellant was standing there, and he twisted her arms and cursed her and told her to get out of the house, that she had no right there; she then sat down on the steps and asked appellant to calm down and asked him to take her back; that appellant told her he didn't want her and wouldn't have her back; she then asked that she be permitted to remove the remainder of her clothing and she picked up her Electrolux; that appellant called her a dirty bitch, and made her return the Electrolux; and again twisted her arm; that appellant accused her of familiarities with her attorney, and with William Horn, and with one Ralph Hungerford; that appellant said he would make no further payments on the farm, which they held title to by the entirety, and would let it be sold; that as she was leaving the premises she made a third offer of reconciliation, and appellant told her he did not want her on the premises, and that she would be in danger of his using his shotgun if she returned without a court order; that she then started back to the house to get her Electrolux and appellant chased her around the yard and grabbed the door knob to prevent her from entering the house; that appellant said he would smear her with so "God-damned much mud that no other man would want her;" that he would fix her reputation in the community so that she could never hold up her head again. That since she and appellant separated she has been compelled to work as a waitress in Galesburg, Illinois. That she has had no income from the farm since the former trial.
The testimony of William Horn corroborates the testimony of respondent with the additional fact that this witness says that appellant directed his threat to use a shotgun on him as well as on respondent.
Mrs. Mamie Miller, of Galesburg, Illinois, testified that respondent occupied a room in her home since June 19, 1949, and had conducted herself in a moral and ladylike manner at all times.
At the conclusion of respondent's evidence appellant filed a motion for a directed verdict, which was denied by the court. Thereupon, the appellant, by his counsel, announced that he would stand on his motion for a directed verdict and offer no evidence. Thereupon, the court entered a decree of divorce for respondent, and decreed that respondent was entitled to the custody of the child, and alimony in the sum of $10 per month, and support for the child in the sum of $40 per month. After unavailing motion for new trial, or, in the alternative, to modify the decree, appellant has perfected this appeal from the decree of the circuit court.
It will be observed that by the prior action respondent sued appellant for a divorce alleging indignities, and the court after trial dismissed her action, and within a few hours after that judgment became final by the overruling of her motion for a new trial on May 6, 1949, she went to appellant's home, which before their separation had also been her home, and had an altercation or wrangle with appellant, which from its nature could only have lasted for a few minutes. It may be conceded, as plaintiff's testimony indicates, that appellant was wholly to blame for the wrangling by becoming angry because of respondent's coming to the place. It may also be conceded that during the altercation respondent on three occasions asked appellant to permit her to return and live with him as his wife. Respondent so testifies and appellant did not take the witness stand and deny her testimony. During the altercation appellant called respondent a vile name; threatened her if she ever returned unless by a court order; twisted her arms; accused her of infidelity, etc. These acts undoubtedly constituted an indignity. But did they constitute "indignities" as contemplated by Section 1514, R.S., 1939, Mo.R.S.A. § 1514? The only grounds for divorce in our state are fixed by this statute and no other *151 grounds can be considered. Allen v. Allen, Mo.App., 60 S.W.2d 709. And the only ground respondent relies upon in this case is the statutory ground providing for a divorce where the husband or wife "shall offer such indignities to the other as shall render his or her condition intolerable." It was held by this court in the case of Dowling v. Dowling, 183 Mo.App. 454, 167 S.W. 1077, which cited the case of Cannon v. Cannon, 17 Mo.App. 390, that to constitute a cause for divorce upon the ground of indignities contemplates a course of conduct by one spouse towards the other whereby the latter's condition is rendered in tolerable through repeated and continuing indignities, and that one indignity even if made up of several contemporaneous acts, is not sufficient to constitute a ground of divorce, if they form together one whole transaction.
The "indignity" alleged and testified to by respondent at most was one "indignity" made up of several contemporaneous acts or statements, forming together one whole transaction. One indignity is not sufficient upon which to base a decree of divorce. Dowling v. Dowling, supra; Cannon v. Cannon, supra; Hess v. Hess, 232 Mo.App. 825, 113 S.W.2d 139; Fawkes v. Fawkes, Mo.App., 204 S.W.2d 132; State ex rel. Fawkes v. Bland, 357 Mo. 634, affirmed 210 S.W.2d 31; Hoffman v. Hoffman, Mo.App., 224 S.W.2d 554; Elliston v. Elliston, Mo.App., 215 S.W.2d 63. Furthermore, "indignities" in the sense of the divorce statute are not shown by mere wranglings and exhibitions of temper due to lack in both parties of conciliatory spirit. Haushalter v. Haushalter, Mo.App., 197 S.W.2d 703; Fawkes v. Fawkes, supra. However inexcusable was appellant's conduct on the one occasion, it constituted but one "indignity" which is not made a cause for divorce by our statute.
Furthermore, it has been held that the burden is on the applicant for divorce to show that he or she is an innocent party. Haushalter v. Haushalter, supra. In this case the issue was squarely made by appellant that respondent was not an innocent party. The statute, Section 1514, provides that "the injured party, for any of the causes above enumerated, may obtain a divorce", etc. This statute originally provided that "the innocent and injured party" may obtain a divorce, etc. On March 12, 1849, Laws 1849, p. 49, the Legislature amended the section and the words that "the innocent and injured party" may obtain a divorce, etc., were changed to read "the injured party", etc. Prior to as well as after such amendment the rule in Missouri was that in reply to an application for divorce, the defendant may allege, either by way of recrimination or cross-petition, the commission by the plaintiff of any offense that by the statute is made a cause for divorce. In the case of Hoffman v. Hoffman, 43 Mo. 547, it was held that the statute should receive the same construction as before the change, and the court said, "The least that can be required, if we would make the provisions of the statute harmonize with the principles of the law in other respects, would be to compel parties to come into court with hands so far clean, at least, that the opposite party is not entitled to the same redress from them. If both parties have a right to divorce, neither party has. The court must discriminate between them; must say which is the injured party, and which is entitled to relief." In recent years it has been held many times that the burden is on the applicant for divorce to show that he or she is an innocent party. Haushalter v. Haushalter, supra; McGinley v. McGinley, Mo.App., 170 S.W.2d 938; Rusche v. Rusche, Mo.App., 200 S.W.2d 577; Ellebrecht v. Ellebrecht, Mo.App., 243 S.W. 209; Capps v. Capps, Mo.App., 65 S.W.2d 661. But this does not mean that the applicant must show himself or herself wholly without fault. If such was the requirement few divorces, if any, would ever be awarded. Culp v. Culp, Mo.App., 164 S.W.2d 623. But what is meant is that the burden is on the applicant to show that he or she has not committed any offense that by the statute is made a cause for divorce. Hoffman v. Hoffman, supra; Barth v. Barth, 168 Mo.App. 423, 151 S.W. 769. In this case respondent made no proof whatever that she was the innocent and injured party. This was a failure to prove a fact *152 which the law cast the burden on her to prove.
We are bound by the law as it has been laid down throughout the years, and must reverse the judgment and decree. It is so ordered.
ANDERSON, P. J., and McCULLEN, J., concur.