## M. L. LANDRUM, Respondent, v. RAY McMINDS, Appellant.

Springfield Corut of Appeals, February 18 1920.

1. **INJUNCTION: Trespasser Excluding Owner of Property May be Enjoined.** Where an owner of an electric light plant is in possession, and his employee and agent has charge of, and is operating the plant, and such employee, who is insolvent, repudiates the agreement under which the plant is managed for the owner, and assumes absolute control, excluding the owner from possession, and proceeds to operate the plant on his own account, injunction will lie; such employee being a trespasser from the time he assumed control.

2. ———: **Evidence Supporting Finding that Defendant, Excluding Owner of Electric Light Plant, had no Interest Therein.** In suit to enjoin plaintiff's agent operating electric light plant for plaintiff under an agreement, from assuming control and attempting to exclude plaintiff from possession, evidence *held* to support a finding that defendant had no interest in the plant.

Appeal from Circuit Court of Howell County.—*Hon. E. P. Dorris,* Judge.

AFFIRMED.

*W. N. Evans* for appellant.

(1) There is but one question involved in this case and that is the right of a plaintiff to maintan an action of injunction without any other relief being sought and as the evidence shows in this case that the defendant was in absolute possession and control of the plant at the time of the institution of this suit claiming an interest therein and that injunction was not the remedy and cannot be maintained, which rule is specifically laid down in High on Injunction, (14 Ed.), page 856, section 900, as decided in the case of Enfield T. B. Co. v. The Connecticut River Company, 7 Conn., page 51, and cases cited therein.

*J. P. Swain* and *M. E. Morrow* for respondent.

(1) There is no doubt as to the power of courts of equity to issue mandtory injunctions, even if the act complained of had been completed before the commencement of the suit. 22 Cyc., 742; 16 Amer. & Eng. Ency. Law, 342; Sheetz v. Price, 154 Mo. App. 574; Graham v. Womach, 82 Mo. App. 618; High on Injunction (4 Ed.), sec. 804; McAlister v. Graham, 206 S. W. 393. (2) Injunction is the remedy whenever in the opinion of the court an adequate remedy cannot be offorded by an action for damages. Section 2534, Revised Statutes 1909; Williams v. Harrison, 135 Mo. App. 152; Turner v. Stewart, 78 Mo. 480. (3) It is no bar to injunction that the use of the writ is even new and novel in its nature. Nashville Ry. Co. v. McConnell, 82 Fed. 65; U. S. v. Debs, 64 Fed. Rep. 724; Hamilton v. Whitridge, 11 Md. 145. (4) Equity will grant injunction to restrain the breach of a contract, same as it will compel a specific performance. Pomeroy's Equity (3 Ed.), sec. 1341.

BRADLEY, J.—In 1916 defendant installed in the town of Mountain View in Howell county an electric light plant borrowing $1000 from plaintiff at the time for that purpose. Defendant gave plaintiff a chattel mortgage on the plant to secure the note for the $1000. Later defendant incurred other obligations and gave second mortgages on the plant. On May 18, 1918, defendant sold, executed a bill of sale for, and delivered the plant to plaintiff for the recited consideration of $2500, taking up by the sale the $1000 note and other notes against defendant secured by second mortgages which plaintiff had purchased. On July 30, 1918, the Public Service Commission authorized and consented to the sale and transfer to plaintiff. After plaintiff purchased the plant including poles, wires, franchise, etc., he and defendant entered into an agreement whereby plaintiff was to furnish the necessary funds for operation, and defendant was to operate the plant, and they were to divide the net proceeds "fifty-fifty." Defendant collected for awhile, and then plaintiff took charge of the collecting. On September 28, 1918, defendant notified plaintiff not to collect any accounts due the plant, and on the same date he notified the patrons not to pay their accounts to plaintiff. It seems that plaintiff and defendant disagreed in some way and defendant thereupon refused to be fired, *assumed* exclusive possession and control, claiming that there was a settlement coming. At some stage of their troubles plaintiff had defendant arrested for trespassing, but it seems that the prosecuting attorney didn't enthuse readily and the prosecution was abandoned. Also plaintiff says that at one time, when he was endeavoring to get possession the defendant "struck at me with a wrench." We gather from the record that defendant remained in exclusive possession and control of the plant from September 28th when the notices were served until November 13, 1918, when plaintiff filed his bill for and obtained a temporary injunction enjoining and restraining defendant and his agents from interfering, molesting, controlling or operating the light plant, which temporary

injunction on trial was made perpetual.

In the petition plaintiff alleges that defendant wrongfully, illegally and fraudulently took possession of the plant, and by force of arms prevented plaintiff from getting possession, and that by reason of the "conduct of defendant plaintiff has suffered and will continue to suffer irreparable injury as defendant is financially unable to respond in an action for damages," and that plantiff has no adequate remedy at law. The answer denies taking possession by force of arms, and alleges that defendant was the owner and in the exclusive possession, and was operating the plant to the full satisfaction of the patrons.

Defendant offered no evidence and stands here on the proposition that injunction is not plaintiff's remedy. These facts are established and not questioned, so far as the evidence shows: Plaintiff was the owner and in possession, and defendant as the employee and agent of plaintiff was in charge of and was operating the plant. Defendant, repudiating the agreement under which he was managing the plant for plaintiff, assumed absolute control excluding plaintiff from possession, and proceeded to operate on his own account, and that defendant is insolvent. Under these circumstances will injunction lie? We think so. Defendant became a trespasser the minute he assumed control and excluded plaintiff. He was as much a trespasser as would have been a stranger who by force or intimidation had ousted plaintiff and defendant and had assumed control of the plant. We can see no difference in the acts of a stranger as indicated than those acts of defendant which resulted in ousting plaintiff and installing himself as sole proprietor. And more the trespass of defendant was a continuing one. In Tie Co. v. Stone, 135 Mo. App. l. c. 456, 117 S. W. 604, it is held that injunction is a proper remedy where there are acts of repeated and continuous trespass. There the court says: "This contention is well supported by very many cases, among others, Turner v. Stewart, 78 Mo. 480; State ex rel. Jump v. Louisiana, etc., Gravel

Road Co. et al., 116 Mo. App. 175. In the later case in which an injunction issued on relation of the county attorney to prevent the recurrence of acts claimed to be a public unisance, Judge NORTONI says at page 199, that a court of chancery will interfere by injunction 'on the ground that it can afford a more complete and adequate remedy than a court of law can furnish, bound and tied down as our courts of law are, to certain forms of remedies and procedure, which they are not capable of molding and adapting to the necessities of the particular case. This seems to be the controlling principle recognized by our Supreme Court in Turner v. Stewart, 72 Mo. 480— for it is obvious that it was one of trespass, and that a remedy at law for damages existed which brought it within the pale of the statute noted above. [Sec. 3649, R. S. 1899]. Notwithstanding this fact, however, the court proceeded to administer the relief prayed for in the face of the existing remedy at law for damages on the theory that such remedy was not adequate. The principle recognized clearly was that the remedy by injunction could give more adequate and complete relief than could be obtained at law.' ''

Defendant in his brief here says that he was in absolute possession and control of the plant at the time of the institution of this suit claiming an interest therein and that injunction is not the remedy, and cannot be maintained. This assertion overlooks the evidence. According to the evidence defendant had no interest in the plant. His claim to ownership or an interest was completely shattered by the evidence, and he stands here without any interest, and as we have said as a trespasser pure and simple and undisguised. In Lockwood v. Lunsford, 56 Mo. 68, it was held that where a mere trespasser digs into and works a mine to the injury of the owner that injunction would be granted, and especially if the trespasser was insolvent. In Graham v. Womack, 82 Mo. App. 618, plaintiff sought an injunction to enjoin defendant from going upon certain premises and from disturbing and interfering with plaintiff in the prosecu-

tion of mining operations thereon. It was there held that if the insolvent defendant should repeatedly enter upon the land and dig up and carry away valuable minerals, and was unable to respond in damages that plaintiff would have no adequate legal remedy and that injunction would lie. The observation is made in the Graham case that "if defendant were not insolvent injunction would lie in such case," citing Turner v. Stewart, supra, and Shoe Co. v. Saxey, 131 Mo. 212, 32 S. W. 1106. We think the learned chancellor correct in his conclusion, and the judgment below making the injunction perpetual is affirmed. *Sturgis, P. J.*, and *Farrington, J.*, concur.