LOUIS LEONE, Appellant, v. MARY BILYEU, Respondent, No. 42245—238 S. W. (2d) 317.

Court en Banc, March 12, 1951.

Rehearing Denied, April 9, 1951.

*Joseph Boxerman* and *Joseph Nessenfeld* for appellant.

976

*Morris A. Shenker* for respondent.

[318]  HOLLINGSWORTH, J.—This is a suit in equity.  Plaintiff (appellant) seeks to enjoin defendant from interfering with the management, operation and control of an apartment building allegedly owned by him and to account for rentals collected from tenants occupying apartments in said building. ·

The circuit court dismissed plaintiff's petition with prejudice on the ground it was an action to try title to real estate and that an equitable action for injunction would not lie.  At the same time, it set aside a temporary restraining order theretofore made against defendant 'and dismissed a pending citation for contempt for an alleged violation of that order.  On appeal to the St. Louis Court of Appeals, that court held title to real estate was not directly involved and that the petition should not have been dismissed on that ground, but further held that plaintiff had an adequate and complete remedy at law under the unlawful detainer act (§ 534.030, Mo. R. S. 1949), and ordered the cause remanded for dismissal of the petition without prejudice.  Leone v. Bilyeu, Mo. App., 231 S. W. (2d) 265.  Upon petition of appellant, the cause was ordered transferred to this court.

While defendant's motion to dismiss plaintiff's petition was pending, it was agreed between the parties that she should file answer without prejudice to her motion to dismiss.  Her answer filed in accordance with that agreement alleged, among other defenses, that she was the owner of the premises in question but asked for no adjudication [319] of title.  In either event, however, the allegations of her answer are not to be considered in determining the sufficiency of the petition.  The sole question for determination, therefore, is

whether the petition states facts, constituting grounds for issuance of the injunction prayed. Condensed and stated in narrative, it alleges:

Plaintiff is and was at the times herein mentioned the owner of a three-story brick apartment house at 504 North Euclid, St. Louis, Missouri, in which are eight furnished apartments. On or about the first day of December, 1947, plaintiff appointed defendant as his agent to manage these premises, to collect the rents and generally to perform such duties as are incident to the management of an apartment building. As compensation, she occupied one of the apartments rent-free. On the 22nd day of July, 1949, plaintiff discharged defendant as manager, revoked her authority to collect rents and requested her to vacate the apartment occupied by her. Notwithstanding her discharge, she has continued to collect the rents from the apartment occupants and has failed and refused to account for or deliver them to plaintiff. She retains the keys to the apartments and falsely claims to be the owner of the building and advises tenants therein not to pay their rents to plaintiff. She has locked plaintiff out of the building and denies him access thereto. By reason of her acts and statements to tenants, two apartments have been vacated and plaintiff cannot rent them to other tenants.

The petition then alleges that by the aforesaid acts defendant has damaged and is damaging plaintiff; that the amount thereof is difficult to prove; that if defendant is not restrained, plaintiff will suffer irreparable injury; and that defendant is insolvent and plaintiff has no adequate remedy at law. He prays for a temporary restraining order, an order to show cause why a temporary injunction should not issue; and, upon final hearing, for a permanent injunction and accounting.

Following an extended discussion of the law and citation of a number of Missouri cases as authority for its conclusions, the St. Louis Court of Appeals held: "We are of the opinion that the purport of plaintiff's petition was to obtain the management, control and possession of the apartment building he claimed to own and for rents collected by the defendant, and not to try the title to the real estate. No such relief was asked for in the petition. Therefore, while it would be error for the trial court to dismiss the plaintiff's petition on the ground that the title was involved in the case, nevertheless if there was a good reason urged why plaintiff could not prevail we should not interfere with the judgment." With these conclusions we are in accord and will not lengthen this opinion with further discussion of that phase of the case.

The clause of the unlawful detainer statute (§ 534.030) under which the Court of Appeals held plaintiff had a complete and adequate remedy at law is the amendment added thereto by Laws 1939, p. 338. It authorizes eviction "when premises are occupied incident to the terms of employment and the employee holds over after ter-

mination of such employment." The holding is based on the case of Morris v. Maheras, Mo. App., 197 S. W. 2d 998. We do not think that case is applicable to the facts here.

An action in unlawful detainer, even after the addition of the clause above quoted, still is an action to evict a tenant who holds over after the termination of his tenancy. The amendment provides a ready means of evicting a discharged employee-tenant who refuses to vacate premises the occupancy of which he obtained as an incident to the terms of his employment. Under the statute as it existed prior to the amendment there was no means of evicting a tenant wrongfully holding over after the termination of his employment (such as existed in tenancies from year to year, month to month, by sufferance and at will) other than by an action in ejectment. The phraseology of the clause itself carries the connotation of a landlord and tenant relationship. Thus, the phrase "when premises are *occupied*" is significant. One of the definitions of an "occupant" is: "One in active possession, *as a tenant,* who has actual possession, in distinction from the [320] landlord, who has legal or constructive possession." (Emphasis ours.) The Century Dictionary, p. 4073. See also Young v. Fidelity and Casualty Co., 202 Mo. A. 319, 215 S. W. 496. Further, the phrase "and the employee *holds over*" clearly relates to a landlord and tenant relationship. "Holding over" is defined as "the act of keeping possession by the tenant, without the consent of the landlord, of premises which the latter * * * had leased to the former, after the term has expired." Bouvier's Law Dictionary, Baldwin's Ed., 1934. See also Words and Phrases, Perm. Ed., Vol. 19, p. 574.

Except as to occupancy of one apartment, which is not involved in this case, defendant was not a tenant of plaintiff. She had no right of occupancy of the apartment house. She never had lawful possession of it in her own right. Her possession was the possession of the plaintiff. She was the *alter ego* of the plaintiff, acting as his managerial and custodial agent. Her dominion over these apartments was comparable to a real estate agent who has charge of seven separate houses of an owner and who occupies an eighth house rent-free for his services in managing, renting and collecting rentals on the seven. The statute is not applicable to the facts here pleaded.

When defendant was discharged and thereafter continued to act as agent and manager, she became and ever since has been a trespasser. As such, she is undermining plaintiff's relations with tenants. She is collecting rents for which she does not account and she is insolvent. She has barred plaintiff from access to the premises. The case of Landrum v. McMinds, 205 Mo. A. 66, 218 S. W. 899, although written prior to amendment of the statute, is in point. In that case, plaintiff owned an electric light plant and defendant was the manager. The court (loc. cit. 900) said: "Plaintiff was the owner and

in possession, and defendant as the employee and agent of plaintiff was in charge of and was operating the plant. Defendant, repudiating the agreement under which he was managing the plant for plaintiff, assumed absolute control, excluding plaintiff from possession, and proceeded to operate on his own account, and that defendant is insolvent. Under these circumstances, will injunction lie? We think so. Defendant became a trespasser the minute he assumed control and excluded plaintiff. He was as much a trespasser as would have been a stranger who by force or intimidation had ousted plaintiff and defendant and had assumed control of the plant. We can see no difference in the acts of a stranger as indicated than those acts of defendant which resulted in ousting plaintiff and installing himself as sole proprietor. And, more, the trespass of defendant was a continuing one." Other cases are cited in Leone v. Bilyeu, supra. See also: Sills v. Goodyear, 80 Mo. A. 128; Lockwood et al. v. Lunsford, 56 Mo. 68; National Refining Co. v. Cox, 227 Mo. A. 778, 57 S. W. 2d 778; State ex rel. Central States Life Ins. Co. v. McElhinney, 232 Mo. A. 107, 90 S. W. 2d 124.

Moreover, the obligation of defendant to account for rents collected is no mere debtor and creditor relationship. She was a manager of plaintiff's business. The rents collected by her belonged to plaintiff. She occupied a fiduciary relationship. While equity will not assume jurisdiction in a simple principal and agent relationship and compel an accounting, yet it will do so when there is a fiduciary relationship. State ex rel. Cockrum et al. v. Southern, 229 Mo. A. 749, 83 S. W. 2d 162, 164, 165; Zickel v. Knell, 357 Mo. 678, 210 S. W. 2d 59, 62. And especially is this true when the defendant is insolvent. Trieseler v. Helmbacher, 350 Mo. 807, 168 S. W. 2d 1030, 1036.

We conclude from the allegations of the petition that plaintiff has no adequate remedy at law and that he has stated a cause of action in equity for the relief prayed.

The cause is reversed and remanded with directions to set aside the order of dismissal and to reinstate the petition, the temporary restraining order, the citation for contempt theretofore issued, and defendant's answer. All concur.