257 S.W.2d 404 (1953)
ACKLEY
v.
ACKLEY.
No. 7164.
Springfield Court of Appeals. Missouri.
April 9, 1953.
John O. Sanders, Cassville, for appellant. Royle Ellis, Cassville, for respondent.
McDOWELL, Judge.
This is an appeal from a judgment of the trial court dismissing appellant's petition on the ground of res adjudicata.
The record discloses that on January 16, 1951, appellant filed an action in the Circuit Court of Barry County, Missouri, for separate maintenance. In this action appellant's petition alleged that she and respondent were married July 23, 1930, in the State of Kansas, and that ten children were born to said marriage; that the parties lived together until February 11, 1949; that she treated respondent with kindness and affection and discharged her duties as his wife but that respondent treated appellant with such indignities and cruelties as to make it impossible for appellant to live with respondent. Among the indignities appellant complained that respondent would fuss, swear, and committed acts abusively toward appellant and the children, was domineering, refused to provide the necessities of life for appellant and children, called the children "damned idiots" *405 and cursed them viciously; that he told appellant to "pack up her rags" and get out and that appellant did, on February 11, 1949, leave respondent and go to Arkansas to work and permitted the children to come to her.
The petition then alleges that respondent owns land in Barry County and other property and prays for separate maintenance.
Final judgment was rendered by the trial court, February 11, 1952, in the suit for separate maintenance, finding the issues in favor of respondent and against appellant upon appellant's cause of action. That respondent did not treat appellant with such indignities and cruelties as to make it impossible for appellant to live with respondent, and did not abandon appellant and ordered appellant's petition dismissed.
January 23, 1952, appellant filed action for divorce, being the cause of action that the court dismissed in the case at bar. The petition is very long but, in substance, it alleges that appellant and respondent were married in the state of Kansas, in June, 1930; that appellant treated respondent with love and affection and discharged her duties as his wife. Then appellant alleges indignities as grounds for divorce. The petition states that, soon after the marriage, respondent's attitude became arrogant, disagreeable, abusive and neglectful in his duties toward appellant; that he kept a lot of hound dogs to the annoyance of appellant; that respondent was abusive to the children, cursing them, etc.; that respondent moved to Barry County, Missouri, from Kansas and purchased property and that their marital relations grew worse and respondent's treatment of the children became worse; that respondent became ill and inconsiderate toward the children, swearing at them and calling them "idiots"; that appellant threatened to leave respondent and that respondent said common law marriages were not permitted in Missouri and that she could not touch his property and that she could take "her rags and get out." Appellant states she obtained work in Arkansas, where she went and still remains; that respondent has failed and refused to aid in supporting either herself or children unless she would return to him.
The petition alleges that appellant sued respondent for separate maintenance and that her action was denied by the court and that such action served to render more intolerable her life with respondent. The petition alleges that in the trial for separate maintenance, respondent swore, under oath, before a crowded courtroom of her neighbors, etc., that appellant was not his wife; that she was merely his housekeeper and expressed doubt as to whether he was the father of two of the children. Then the petition alleges that fraud had been practiced upon appellant as to the marriage ceremony, which marked the beginning of their cohabitation as husband and wife and that she and respondent had agreed to live together and did cohabit together and eight children were born after the common law marriage, while living in Kansas.
Respondent filed a motion to dismiss appellant's divorce petition. This motion stated that appellant had, on the 16th day of January, 1951, sued respondent for separate maintenance and support and that the trial court had found the issues in favor of respondent and had found that respondent had not treated appellant with indignities and cruelties as alleged and had not abandoned appellant, either actually or constructively. A copy of the petition in the separate maintenance suit, together with a copy of the judgment rendered thereon, was filed with the motion and marked defendant's exhibit "A" and made a part thereof. The motion then stated that all the allegations and statements contained in appellant's petition for divorce had been previously adjudicated in favor of respondent.
The second paragraph of this motion states that appellant testified in her suit for separate maintenance as to all of the matters and allegations of her petition and that the same were adjudicated by the court and the issues were found against appellant; that in this petition, it was alleged that there was a marriage of appellant and respondent and indignities and cruelties inflicted *406 upon appellant and their children and that appellant was compelled to leave and go to Arkansas and that all of the matters which were litigated, or that might have been litigated in said former action, are now fully determined and adjudicated and are res adjudicata.
In paragraph 3, the motion states that all of the allegations contained in the divorce petition herein show that nothing is therein contained which was not or could not have been fully litigated in the former action for separate maintenance and support between the parties.
The motion then prayed that the court find that the allegations made in appellant's petition have been fully adjudicated and asked that the divorce action be dismissed.
Appellant's first assignment of error complains that the motion to dismiss was not a sufficient basis for such action because it failed to allege specifically or otherwise any issues raised in the action for divorce that had been adjudicated in the prior action for separate maintenance and that the court erred in not specifically naming the grounds upon which the motion was sustained. That the entry of the court, "ground of res adjudicata" is not sufficient to inform appellant of what is adjudged as res adjudicata.
Appellant cites Scanlon v. Kansas City, 325 Mo. 125, 28 S.W.2d 84. In this case suit was brought by plaintiff for recovery of damages for the loss of services of his son, and, at the same time, suit was brought by the father as curator for his son. The last mentioned suit was tried and verdict and judgment rendered for the city and no appeal was taken. The question was what effect the judgment against the minor child would have upon the suit prosecuted in behalf of the father. The trial court found that the city had not made an issue of res adjudicata in the trial in its answer. It stated the following law on page 89 of 28 S.W.2d:
" * * * There are certain rules to be kept in mind. `Res adjudicata is an affirmative defense, and like all other defenses of that character must be pleaded, unless the petition upon its face shows that the cause of action sued upon is in some way barred.' Kilpatrick v. Robert, 278 Mo. [257] loc. cit. 263, 212 S.W. 884, 886, `Where a former judgment is pleaded as a bar in a subsequent action, it is essential that it be alleged, not only that the issues were the same, but also that the cause of action and the subject matter are the same, and that the proceedings in the former suit were taken for the same purpose.' 34 C.J. p. 1061, § 1500. * * *"
Certainly, the motion to dismiss, in the case at bar, must show that the issues raised in the divorce action were issues presented in the suit for separate maintenance and were, in that case, decided.
There is no contention that res adjudicata is not an affirmative defense and it must be pleaded, unless the petition on its face shows that the action is barred.
In Meyer v. Meyer, Mo.App., 236 S.W. 382, 383, the court held that in a suit for divorce by a wife, who had formerly sued for separate maintenance in which the parties were identical and the question of desertion was raised in both cases, and the court was the same, the determination as to the question of desertion in the suit for separate maintenance was res adjudicata as to the divorce suit.
Appellant's petition for divorce alleged that appellant sued respondent for separate maintenance, which was, by the same trial court, denied to her. Therefore, upon the face of the petition, it appears that, at least, a part of appellant's cause of action has been tried in a suit for separate maintenance.
Appellant's motion to dismiss specifically pleads that the suit for separate maintenance was filed January 16, 1951, and was based upon indignities and cruelties and abandonment and pleads that the allegations made in the petition for divorce were litigated in the action for separate maintenance or could have been fully litigated therein and, as a part of this motion to dismiss, a certified copy of the petition in the separate maintenance action and the judgment of the trial court was filed with, and made a part of the motion, showing that the issues in the divorce case and *407 the matters therein set out were the same as the issues tried in the suit for separate maintenance and that these issues were definitely adjudicated in the suit for separate maintenance.
In both actions the parties are identical, the questions raised, to wit, general indignities and desertion, are the same, so, under the authority of Meyer v. Meyer, supra, we hold that res adjudicata applies and the trial court committed no error in sustaining the motion to dismiss appellant's petition.
We hold that the motion to dismiss raises the question of former adjudication specifically. Motley v. Dugan, Mo.App., 191 S. W.2d 979.
We further hold that the pleadings sought to be struck form a basis for such motion. 50 C.J.S., Judgments, § 834, subsec. (b), pp. 403, 404.
In Dallas v. Dallas, Mo.App., 233 S.W.2d 738, the plaintiff had brought an action for divorce against his wife on the ground of general indignities and desertion and had recovered in the lower court. On appeal, the appellate court held the evidence insufficient to sustain the decree of divorce and that prior judgment for defendant in a separate action was res adjudicata. On page 744 of 233 S.W.2d the court says:
"The party relying on the defense of res adjudicata has the burden of proving the existence of the prior adjudication and the exact nature of the issue previously adjudicated, unless he is relieved of that burden by the adverse party. 50 C.J.S., Judgments, § 837, p. 405.
"The accepted and conventional method of making such proof is to introduce in evidence the record of the pleadings and judgment entry in the prior litigation. * * *"
In the case at bar respondent has met that rule of law. The motion to dismiss contained the record of the pleadings and judgment entry of the prior litigation.
The pleadings contained the same identical subject matter. Both petitions state the same date of marriage, the same date of separation and, a careful examination of both petitions, shows that the grounds for recovery in both were the same, to witgeneral indignities. We agree with respondent that every indignity contained in the divorce petition was contained in the separate maintenance petition or should have been contained therein. There can be no question but that the trial court passed upon all of the issues in the suit for separate maintenance and rendered a judgment thereon that are involved in the suit for divorce.
In Dallas v. Dallas, supra, the court makes the following statement of law, on page 745 of 233 S.W.2d:
"A further rule aids appellant, namely, that judgments are conclusive in subsequent actions between the same parties on the same cause of action of all matters which were or might have been litigated in the previous action. Koontz v. Whitaker, Mo.App., 111 S.W.2d 197; Autenrieth v. Bartley, 238 Mo.App. 55, 176 S.W.2d 546; Boatmen's Nat. Bank of St. Louis v. Bolles, 356 Mo. 489, 202 S.W.2d 53."
We cannot agree with appellant's contention that the judgment pleaded as a bar to appellant's divorce action does not allege that the issues were the same or that the cause of action and subject matter are the same or that the proceedings in the former suit were not taken for the same purpose.
There is but one doubtful question and that question is whether or not former adjudication can be raised by motion to dismiss and we hold herein that it could be under the facts in this case because appellant's petition for divorce alleges that a former suit for separate maintenance had been brought and that judgment had been rendered against appellant.
Judgment affirmed.
VANDEVENTER, P. J., and BLAIR, J., concur.