Veronica R. **EZELL**, Plaintiff-Appellant,

v.

Gerald A. **EZELL**, Defendant-Respondent.

No. 30720.

St. Louis Court of Appeals.

Missouri.

July 18, 1961.

Motion for Rehearing or to Transfer
to Supreme Court Denied
Sept. 5, 1961.

Armstrong & Armstrong, F. G. Armstrong, St. Louis, for appellant.

Richard M. Stout, St. Louis, for respondent.

BRADY, Commissioner.

The marital difficulties of the parties to this proceeding have caused reference to the courts in the past. In January, 1959, judgment was entered against the appellant upon her petition and against the respondent on his cross-bill. The appellant filed still another action for divorce and voluntarily dismissed that proceeding. Then on January 19, 1960, the appellant filed her petition for divorce and so commenced the sequence of events with which we are concerned on this appeal. On February 16, 1960, the respondent filed his motion to dismiss, and the trial court overruled the motion on April 5, 1960. The order overruling this motion does not contain any language with regard to an extension of time to plead. On April 14, 1960, the respondent filed his motion for a more definite statement and the appellant responded with a motion to strike on the grounds of timeliness. The motion to strike was overruled, and the motion to make more definite and certain was sustained, whereupon the appellant filed her amended petition on May 19, 1960. This petition, in its allegations pertinent to this appeal, stated the previously filed petitions and cross-bill, recited the plan for reconciliation pursuant to which appellant had dismissed her earlier action that did not go to trial, and alleged that during the meetings called for by this reconciliation plan appellant treated respondent with kindness and affection, but that respondent during these meetings and at other times since their separation on

November 1, 1958, rendered to her " * * * indignities which made the marriage and the reconciliation attempt impossible and thus plaintiff's position intolerable * * *." The amended petition then set out the occurrences at the meetings between the parties that she alleged as constituting indignities. There are eight of these occurrences alleged. First, appellant alleged that respondent stated that she would have to cooperate in refinancing the family home with a view toward increasing the indebtedness so as to improve the home and purchase an automobile for respondent as a prerequisite to any attempt at reconciliation. This dispute about refinancing the house was on the subject of another alleged indignity in that during another meeting of the parties pursuant to the reconciliation agreement the appellant asked the respondent to list his outstanding bills so she could decide about the advisability of refinancing. The respondent allegedly refused to do so and became abusive and so excited that it was necessary to stop the automobile in which they were riding. This time the argument continued when they got home, and upon appellant's continued refusal to agree to refinancing without further explanation of its necessity, respondent allegedly ordered her from their meeting place and told her not to return until she was ready to agree to the refinancing. The same subject matter resulted in another occurrence which appellant alleges as an indignity in that at another meeting, the argument on refinancing evidently waxing hot, the respondent became abusive and told her to take their elder son shopping and then return. Upon her return she was forcibly ejected from the house where they were meeting, and upon hearing her tell their son to go to the neighbor to stay until time to go to a Cub Scout meeting, respondent rushed from the house " * * * and in loud and excitable tones told her that she should not come back to the house, that he would never permit her to have their children, that he would bar the door of their residence to her and that if she did approach the house he would call the police to have her arrested.

He did, however, make this contingent upon her participating in said refinancing." It was further alleged as an indignity that at a meeting at a drive-in restaurant, the subject of refinancing being discussed, the respondent became "abusive and excitable" and upon driving home told appellant "not to come to the house or to see him again."

Other indignities alleged, not arising from the refinancing, were that respondent took the appellant to the fur department of a department store and stated he wanted to buy her an expensive coat. When she replied that she much preferred a washing machine " * * * he became quite excited and abusive and did speak in very loud tones within the department store very much to the embarrassment of plaintiff [appellant]"; that on this same occasion while they were driving home respondent allegedly " * * * again was abusive and excitable and used obscene and derogatory language to plaintiff [appellant]", and that it became necessary to stop the car and respondent got out; that the day before Christmas their elder son asked her to take him to Mexico, Missouri, and that when she called for him, respondent refused to go along, whereupon appellant and the elder son presented the respondent with a suede jacket which she had purchased for him and a hanger for it which the son had made, and the respondent threw them at appellant and their son " * * * in a scene of most violent rage and abusive language"; and that when the boy was returning from Mexico, Missouri by train, the respondent called the appellant and requested that she meet the train, and that upon doing so she found the respondent present and that he "pushed ahead of her to greet said son before she could", grabbed him by the arm and refused to let him greet the appellant. Appellant further alleged that respondent " * * * did not at any time state that he had any personal affection, feeling or love for plaintiff [appellant]" but always stated in their conversations that it was appellant's duty to return to him, and that as a prerequisite for

permitting her to do so she must agree to the refinancing of their home but that she does not know what the extent of his indebtedness is. Appellant prayed for a divorce, custody and support of the three minor children, suit money, attorney's fees and permanent alimony. There was no allegation in the amended petition that the appellant was the injured and/or innocent party.

On May 27, 1960, the respondent was granted thirty days additional time in which to plead. On June 1, 1960, the appellant not having had notice of the extension of time granted and more than ten days having elapsed since the filing of the amended petition filed her request for default on inquiry based upon Rule 55.27(c), Rules of Civil Procedure, V.A.M.R. This motion was denied by the trial court. Then on June 28, respondent filed another motion for a more definite statement and accompanied it with a motion to dismiss. The motion to dismiss stated numerous grounds why it was contended that the appellant failed to state a claim upon which relief could be granted. It was alleged that the judgment denying either party a divorce entered in the prior action was res judicata of " * * * any issues tendered * * * " in the amended petition and also "res adjudicata * * * of any issues which might have been tendered to the Court * * * " in that action " * * * whether or not they were in fact tendered to the Court in said case." Secondly, the motion alleged as a ground that the plaintiff was not in fact a resident of this state one whole year next previous to the filing of her petition as she had alleged, but in fact resided in Montgomery, Alabama, less than one year before its filing. Third, the motion to dismiss also alleged that appellant's petition " * * * is frivolous and vexatious * * * "; fourth, that the petition fails to state a cause of action because these alleged indignities took place after the separation of the parties; and lastly, that the appellant did not allege she was and in fact is not the injured and innocent party and

therefore can not be granted the divorce. The motion prayed for a dismissal with prejudice. The trial court sustained the motion to dismiss and this appeal followed. No motion for new trial or any other after trial motion was ever filed, only a notice of appeal following the court's order of dismissal.

█ The order of the trial court dismissing the appellant's petition is not set out in the transcript, but the motion prayed for a dismissal with prejudice and the trial court's statement was "Motion to dismiss sustained and costs taxed against the plaintiff." It was a dismissal with prejudice operating as an adjudication upon the merits and is a final judgment from which an appeal can be taken. § 510.150 RSMo 1959, V.A.M.S.

█ The appellant's allegations of prejudicial error fall into two general categories. She first contends that the trial court prejudicially erred in overruling appellant's motion to strike the respondent's motion for a more definite statement which the respondent filed on April 14, and also prejudicially erred in sustaining such motion of respondent. The appellant bases her position on Rule 55.36, Missouri Rules of Civil Procedure, V.A.M.R., which provides that all motions made shall be made within the time allowed for responsive pleading, or, if no responsive pleading is permitted, then within twenty days after the service of the last pleading. The appellant's theory of this assignment is that the trial court overruled the prior motion to dismiss on April 5, and gave no extension for time to plead and that while the record does not disclose the date of service upon respondent, even if the date most favorable to respondent is considered, that is the date respondent filed his motion to dismiss on February 16, the respondent was clearly out of time as to the filing of the motion for a more definite statement on April 14, and the periods of time stated in Rule 55.36, supra, would have elapsed. This assignment of error is not before us

for our ruling. It is well settled that there are only three exceptions to the rule that in order to preserve allegations of error for appellate review, such errors must first be presented to the trial court in a motion for new trial. These exceptions are (1) where the trial court has no jurisdiction of the subject matter; (2) where the petition or answer fails to state a claim or a defense; and (3) where the evidence is insufficient to support the judgment. Gosnell v. Gosnell, Mo.App., 329 S.W.2d 230. The point stated above which appellant now seeks to raise does not fall within these exceptions. In this case the appellant filed no motion for new trial nor after trial motion of any kind, contenting herself merely with the notice of appeal. Accordingly, we will not rule the point.

■ The appellant's second general category of alleged prejudicial error deals with the trial court's action with respect to whether the amended petition stated a cause of action. These contentions can properly be raised upon appeal without the necessity of a motion for new trial being filed below, Gosnell v. Gosnell, supra. Moreover, we are of the opinion that since the trial court did not specify the grounds upon which it ruled that the amended petition did not state a cause of action, the fact that the State has a vital interest in and becomes a party to every divorce action, Gosnell v. Gosnell, supra, and the interests of justice require us to review the motion to dismiss to ascertain if the trial court's action can be sustained for any of the reasons why the amended petition does not state a cause of action set forth therein.

■ In this connection it is to be kept in mind that the motion to dismiss is in effect a concession that even if the properly pleaded facts (not the conclusions) of the amended petition are taken as true, nevertheless they would be insufficient to state a cause of action against the respondent, Therrien v. Mercantile-Commerce Bank & Trust Co., 360 Mo. 149, 227 S.W.2d 708;

Leone v. Bilyeu, Mo.App., 231 S.W.2d 265, modified 361 Mo. 974, 238 S.W.2d 317.

It is readily apparent that the allegation of the motion to dismiss dealing with the residence of the appellant and the allegation that her amended petition was "frivolous and vexatious" afford no grounds for the trial court to sustain the motion. It is obvious that such allegations are merely pleaded conclusions and must be substantiated by proof in order to constitute a valid basis for the court to dismiss the amended petition. There was no effort made to introduce such proof. The trial court's order of dismissal must therefore find its basis in the respondent's contentions that appellant's amended petition did not state a cause of action because the judgment denying her a divorce in the prior action she filed was "res adjudicata" absent reconciliation or cohabitation between the parties subsequent to the entry of the prior judgment; or in respondent's contention that an action for divorce based upon general indignities cannot be maintained in this state if the alleged indignities occur while the parties are separated; or in respondent's contention that failure of appellant to allege that she was the innocent and injured party was fatal to her amended petition.

■■ The respondent's contention as to the applicability of the doctrine of res judicata is without merit under the factual situation of the instant case. It is true that the general rule is that a judgment in a former action between the same parties is conclusive, not only as to all issues tried, but also as to all issues which, in the exercise of reasonable diligence, might have been litigated therein, and that this rule is applicable to divorce actions. Price v. Price, Mo.App., 281 S.W.2d 307; Ackley v. Ackley, Mo.App., 257 S.W.2d 404, at page 407(5). The judgment in the first action between these parties was therefore res judicata as to all known indignities prior thereto. Price v. Price, supra, 281 S.W.2d at loc. cit. page 309 [2, 3]. But in

the instant case the indignities alleged in the amended petition all occurred after the judgment was rendered in the prior action. That judgment was as of January 22, 1959, and the indignities alleged in the amended petition occurred on December 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 19, 22, 23, and 24, of 1959 and on "the week-end following New Year's Day." The prior judgment could not be res judicata of events which had not even occurred at the time of its rendition.

■ The respondent then advances another argument based upon his contention that the doctrine of res judicata rules this case. He contends that since the trial court denied appellant a divorce on her petition in the earlier action it must have done so because she was " * * * guilty of some misconduct" and especially is this so because allegations of her misconduct were contained in the answer filed by the respondent in that action. We can not indulge in such speculation. There are other reasons why the trial court could have denied her a divorce and since we can not know from this record the basis of the court's action, we are not allowed to speculate that it was for the reason advanced by the respondent. The respondent's contentions of res judicata as advanced in his motion to dismiss afford no basis for the trial court's action.

■ Neither do we find any merit to respondent's contention that an action for divorce based upon general indignities can not be maintained where the alleged indignities occur while the parties are separated. Section 452.010 RSMo 1959, V.A. M.S., sets forth the only grounds for divorce permitted in this state. Allen v. Allen, Mo.App., 60 S.W.2d 709. The appellant's amended petition is clearly a plea for a divorce based upon that provision of the above cited statute reading " * * * or shall offer such indignities to the other as shall render his or her condition intolerable * * *." The respondent's argument is that the appellant's state of being separated from her husband and almost constantly quarrelling or in litigation with him was as intolerable as it could become, and that the respondent's conduct thereafter could not make her condition any more intolerable than it was. While we agree that the appellant's condition was not a happy or desirable one, we can not agree that it could not have been made even less so by the actions of the respondent alleged in the amended petition and which we must accept for the purpose of this review as true. Even though separated, she was not subjected to public embarrassment as she alleged respondent caused her in the Sears store incident and as the plain inferences infer she was in the Ford Apartment Restaurant incident and the occurrence in the front of their home on December 16, 1959, absent respondent's actions. It is also true that constant bickering and arguments between the parties, if unprovoked by the appellant or occurring without fault on her part may, if continued over such a period of time as to connote settled hate and of such an intensity as to manifest contempt or contumely, constitute general indignities, Moore v. Moore, Mo.App., 337 S.W.2d 781. We think that it can not be said that the appellant's condition, even though she was physically although not legally separated from the respondent, could not be found to have been made even more intolerable by the arguments and recriminations which occurred between these parties after separation. In this connection, it should ever be borne in mind that we are not passing upon the merits of this controversy. Nothing we have said should be taken as any indication as to whether or not upon a hearing on the merits the trial court should grant or deny this divorce. That matter is not now before us. All we do hold is that the amended petition does not, as a matter of law, fail to state a cause of action because the indignities alleged occurred while the parties were separated and that the trial court could not properly sustain the motion to dismiss on that ground.

■ The final contention advanced by the respondent in his motion to dismiss

upon which the trial court's action could be sustained is that appellant's amended petition failed to allege that she was the innocent and injured party and that this failure prevented her from stating a cause of action. The appellant's position is that the requirement of innocence applies only to "no contest" hearings and that in contested divorce actions the only requirement is that appellant prove herself to be the injured party, citing and relying on Culp v. Culp, Mo.App., 164 S.W.2d 623. Respondent's position is that she must not only prove but must allege that she was the innocent and injured party. The correct rule lies between both contentions. Section 452.010 RSMo 1959, V.A.M.S. (§ 452.010 RSMo 1949, V.A.M.S.) provides that " * * * the injured party, for any of the causes above enumerated, may obtain a divorce from the bonds of matrimony * * *." Section 452.090 RSMo 1959, V.A.M.S., (§ 452.090 RSMo 1949, V.A.M.S.) provides that " * * * In all cases where the proceedings shall be ex parte, the court shall, before it grants the divorce, require proof of the good conduct of the petitioner, and be satisfied that he or she is an innocent and injured party." From this wording it has been said that in a contested divorce action it is only necessary to show by the evidence that the party is an injured party, while in an uncontested or ex parte case the evidence must be that the party is innocent and injured. Culp v. Culp, supra. As was pointed out by the Supreme Court long ago in Hoffman v. Hoffman, 1869, 43 Mo. 547, at loc. cit. page 549:

"On the 12th of March, 1849, the act concerning divorce and alimony was amended; and, among other amendments, the provision at the close of the first section, that the innocent and injured party may obtain a divorce, etc., was changed to read as it now stands: 'The injured party, for any of the causes above enumerated, may obtain a "divorce," ' etc.

"Why the word 'innocent' was omitted is not clear, unless regarded as superfluous, or—more likely—to conform to section 3, where a divorce is provided for the defendant if the court shall find that he or she is 'the injured party.'

"The statute should receive the same construction in this respect as before the change; at least no better character should be required of a party seeking a divorce, and we are not inclined to allow it to a person sustaining a worse one. The least that can be required, if we would make the provisions of the statute harmonize with the principles of the law in other respects, would be to compel parties to come into court with hands so far clean, at least, that the opposite party is not entitled to the same redress from them. If both parties have a right to divorce, neither party has. The court must discriminate between them; must say which is the injured party, and which is entitled to relief."

Section 3 referred to in the above quotation is now § 452.020 RSMo 1959, V.A.M.S. (§ 452.020 RSMo 1949 V.A.M.S.) In Chapman v. Chapman, Mo.App., 230 S.W.2d 149, at page 151, this court, by the writer of Culp v. Culp, supra, held that the rule prior to the amendment of March 12, 1849, Laws, 1849, page 49, should equally apply after that amendment. In Simon v. Simon, Mo., 248 S.W.2d 560, the Supreme Court of this state squarely held at page 562 [1] that one seeking a divorce must prove himself or herself to be an injured and innocent party. See also Pointer v. Pointer, Mo.App., 251 S.W.2d 334. We can not conceive that in view of the clear decisions on this point as found in Hoffman v. Hoffman, supra, Chapman v. Chapman, supra, and Simon v. Simon, supra, there should be any doubt but that in contested as well as uncontested actions the party seeking a divorce must bear the burden of showing himself or herself to be

the innocent and injured party. As we have earlier pointed out herein, the State has a vital interest in and becomes a party to every divorce action, Gosnell v. Gosnell, supra, and for that reason and to finally dispose of this contention, the Culp case (Mo.App., 164 S.W.2d 623, supra) insofar as it states any different rule, should no longer be followed.

However, this determination does not compel our ruling the point for respondent, for neither can his position be maintained. What we are asked to determine is whether the failure to allege that she is an innocent and injured party is fatal to appellant's amended petition and gives the trial court the right to sustain the motion to dismiss. Respondent cites no case and we can find none where such is said to be the rule in this state. Of course, the evidentiary facts alleged in the petition form the basis for the trial court's determination of whether or not the appellant has borne the burden of *proving* she was the innocent and injured party. Appellant has alleged that she treated the respondent with "kindness and affection" and has sought a reconciliation with him, and therefore did in fact allege that she performed all of her duties as a wife which she could have performed under the circumstances alleged to have been present. Under the factual situation here, where the parties were physically separated and there has been no cohabitation since their earlier troubles, we can not see how she could have honestly stated the usual allegation that she obeyed her wifely duties and was a good wife to respondent. Whether or not the appellant is the innocent and injured party and is entitled to a divorce is the conclusion to which the trial court must, in the proceeding upon the merits, ultimately come, and we do not now rule upon the sufficiency of the allegations to sustain either a granting or denial of the divorce. We hold that the appellant's failure in her amended petition to allege that she was an innocent and injured party, as stated by the respondent in his motion

to dismiss, did not authorize the trial court to sustain the motion to dismiss.

The trial court's judgment should be reversed and the cause remanded. The Commissioner so recommends.

PER CURIAM.

The foregoing opinion of BRADY, C., is adopted as the opinion of the court.

The judgment of dismissal is therefore reversed, and the cause remanded to the trial court for further proceedings.

RUDDY, Acting P. J., WOLFE, J., and JAMES D. CLEMENS, Special Judge, concur.

ANDERSON, P. J., not participating.