**Glenn W. LADD, Plaintiff-Respondent,**

**v.**

**Phyllis LADD, Defendant-Appellant.**

**No. 25986.**

Missouri Court of Appeals,
Kansas City District.

March 1, 1973.

Martin Anderson, Kansas City, for defendant-appellant.

Jack E. Gant, Kansas City, for plaintiff-respondent.

Before SHANGLER, C. J., PRITCHARD, J., and RUSSELL, Special Judge.

ROBERT G. RUSSELL, Special Judge.

Plaintiff Glenn Ladd, respondent herein, and defendant Phyllis Ladd, appellant herein, were divorced on October 24, 1971. The divorce was a contested one and defendant obtained the divorce on her cross petition. The custody of the two minor children born of the marriage was granted to plaintiff, and the defendant has appealed from the trial court's determination of custody. Neither party has appealed from the decree granting the divorce to the defendant.

These same parties had previously been denied a divorce on June 24, 1970, before another judge of the Circuit Court of Jackson County. In that proceeding each of the parties had sought to obtain a divorce and the court found that neither of them was entitled to a divorce and thereupon dismissed the petition and cross petition. No appeal was taken from that dismissal.

In her appeal in this case, appellant raises two points. First, that the trial court erred in restricting the evidence to the period after the prior divorce action was dismissed, June 24, 1970, and second, that the court erred in granting custody of the two minor children to the respondent.

■ Respondent contends that all of the issues raised in the first divorce suit are res adjudicata and that therefore the trial court was correct in limiting the reception of evidence to matters which occurred subsequent to the prior divorce action. The respondent's contention is correct insofar as it applies to the indignities which constituted the basis of a divorce action. Ackley v. Ackley, 257 S.W.2d 404 (Mo.App.1953); Price v. Price, 281 S.W. 2d 307 (Mo.App.1955); Ezell v. Ezell, 348 S.W.2d 592 (Mo.App.1961). In the prior suit, however, there was no determination of custody and in fact there could have been none since the petition and cross petition were dismissed by the court. Price v. Price, 311 S.W.2d 341 (Mo.App.1958).

While the doctrine of res adjudicata applies in custody proceedings, the doctrine can only apply where there has been a final adjudication of custody. Foster v. Foster, 300 S.W.2d 857 (Mo.App.1957).

■ In the present case there was no adjudication of custody in the prior action, and therefore that issue could not be res adjudicata. It follows that the trial court incorrectly limited the evidence pertaining to custody to that period after June 24, 1970. The issue of the welfare of the children is an issue separate and apart from the grounds of the parties for divorce. In order to determine the best interests of the children the court should have elicited all of the evidence pertinent to that issue regardless of whether it took place prior or subsequent to the previous order denying both parties a divorce.

The case must therefore be remanded to the trial court for further hearing concerning the matter of custody.

■ Appellant's second point that the court erred in granting custody to respondent need not be ruled in view of the above holding of the court. The court will, however, without a long recitation of the evidence, state that there was ample and sufficient evidence before the court which would support an award of custody to the father. The mother's living conditions and apparent instability together with the lack of interest shown by her in the children from the period of June 24, 1970, to the time of the divorce would all tend to indicate that the best interests of the children would be served by placing them in the custody of the father. On the record before us at this time, we hold that pending a further hearing regarding custody, the children should remain with the father pursuant to the order of the trial court.

Accordingly the case is remanded to the trial court for further proceedings consistent with this opinion.

All concur.